**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

FERNANDO ESPARZA,
            *Defendant-Appellant.*

No. 07-50293

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted
November 20, 2008—Pasadena, California

Filed January 20, 2009

Before: Susan P. Graber and Richard R. Clifton,
Circuit Judges, and David G. Trager,* District Judge.

Per Curiam Opinion

*The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

## COUNSEL

James H. Locklin, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Robert Charles Stacy, II, Assistant U.S. Attorney, Riverside, California, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Defendant Fernando Esparza posted child pornography online. The FBI executed a search warrant at his residence and discovered hundreds of such images. Defendant pleaded guilty to distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). The district court imposed a prison sentence of 235 months and ordered lifetime supervised release with certain conditions. Defendant timely appeals his sentence. In this opinion, we consider only Condition 5 of the terms of supervised release.[1] We review for abuse of discretion, *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006), and affirm in part, vacate in part, and remand.

---

[1] We dispose of the remaining issues in a memorandum filed this date.

Condition 5 provides:

> The defendant shall participate in a psychological/psychiatric counseling and/or a sex offender treatment program, which may include inpatient treatment, as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions, of such program, including submission to risk assessment evaluation(s), and physiological testing, such as polygraph and Abel testing,[2] and shall take all prescribed medication[.]

Defendant argues that the district court failed to make the requisite findings at sentencing to justify two aspects of Condition 5: (1) the requirement that he take all prescribed medication and (2) the requirement of physiological testing. Defendant also argues that a third aspect of Condition 5—the potential for inpatient treatment—involves an improper delegation of judicial authority.

## A.  *Requisite Findings at Sentencing*

[1] "[A] district court is not generally required to articulate on the record at sentencing the reasons for imposing each condition" of supervised release.[3] *Weber*, 451 F.3d at 559 (internal quotation marks omitted). If a condition of supervised release "involves an especially significant liberty interest,"

---

[2]"Abel testing, [a] procedure used in sexual offender treatment programs, involves presenting individuals with non-erotic pictures of children and adults and determining sexual interest by measuring how long a person spends viewing each picture." *Weber*, 451 F.3d at 555 n.3 (internal quotation marks omitted).

[3]As we have observed previously, our rule differs from the rule in some other circuits, which requires specific findings for *each* condition of supervised release. *See Weber*, 451 F.3d at 560 n.10 (citing *United States v. Loy*, 191 F.3d 360, 371 (3d Cir.1999), and *United States v. Edgin*, 92 F.3d 1044, 1049 (10th Cir. 1996)).

however, the district court must make certain "specific findings" justifying imposition of the supervised-release condition. *Id.* at 560. For example, a condition requiring a defendant to take "psychotropic medication" involves an especially significant liberty interest and, therefore, requires the district court to make certain findings, as described in *United States v. Williams*, 356 F.3d 1045, 1052-57 (9th Cir. 2004). But a condition requiring a defendant to take other types of medications does not necessarily involve an especially significant liberty interest and may not require specific findings. *United States v. Cope*, 527 F.3d 944, 955 (9th Cir.), *cert. denied*, 129 S. Ct. 321 (2008).

**[2]** Here, Condition 5 requires Defendant to "take all prescribed medication." On its face, that condition encompasses both categories of medication—those that require specific findings and those that do not. In *Cope* and *United States v. Daniels*, 541 F.3d 915 (9th Cir. 2008), we addressed the same issue concerning an identically worded condition of supervised release and held that, in the absence of specific findings by the district court, we would construe such a condition " 'as limited to those medications that do not implicate a particularly significant liberty interest of the defendant.' " *Daniels*, 541 F.3d at 926 (quoting *Cope*, 527 F.3d at 955). As the government concedes, those cases control here. Because the district court did not have the benefit of *Cope* when it sentenced Defendant, we also "remand this condition to the district court so that it can make necessary findings with respect to the requirement that [he] take all prescribed medication," if the court chooses to require Defendant to take medications implicating a particularly significant liberty interest. *Id.*

**[3]** A similar analysis applies to the condition that Defendant submit to "physiological testing, such as polygraph and Abel testing." A district court may require some forms of physiological testing, including polygraph and Abel testing, without making specific findings. *Weber*, 451 F.3d at 567-70. Other forms of physiological testing, though, may not be

imposed without additional findings. *Id.* As with the medication requirement, the physiological testing requirement encompasses both categories of testing—those that require specific findings and those that do not. We therefore apply the same reasoning and reach the same result. We hold that, in the absence of specific findings, Condition 5 necessarily must be understood as limited to those forms of physiological testing that do not implicate a particularly significant liberty interest. And, as in *Cope* and *Daniels*, the district court may, on remand, make the necessary supporting findings insofar as Condition 5 may require Defendant to undergo testing that implicates a particularly significant liberty interest.

B.    *Delegation and Inpatient Treatment*

**[4]** With respect to the inpatient treatment aspect of Condition 5, Defendant argues that the district court impermissibly delegated judicial authority to the probation officer.

> [W]here the [district] court makes the determination of *whether* a defendant must abide by a condition, and *how* (or, when the condition involves a specific act such as drug testing, *how many times*) a defendant will be subjected to the condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied.

*United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005). But "a probation officer may not decide the nature or extent of the punishment imposed upon a probationer." *Id.* at 881 (internal quotation marks omitted).

**[5]** Here, Condition 5 requires Defendant to participate in a counseling or sex offender treatment program, "which *may include* inpatient treatment, as approved and directed by the Probation Officer." (Emphasis added.)[4] Thus, although the

---

[4]We have held that a similar condition is not overbroad, *Cope*, 527 F.3d at 956, but we have not addressed whether such a condition is an improper

court clearly mandated participation in a treatment program of some sort, the decision whether Defendant would receive inpatient or outpatient treatment is left to the discretion of the probation officer. Defendant argues that inpatient treatment is a condition different in kind from an outpatient program, such that the probation officer would be deciding "the nature or extent of the punishment" to be imposed. *Stephens*, 424 F.3d at 881. The government counters that the district court required psychological treatment and that the inpatient/outpatient format is simply a decision about "where and when the condition will be satisfied." *Id.* at 880.

[6] We are persuaded by Defendant's argument. In terms of the liberty interest at stake, confinement to a mental health facility is far more restrictive than having to attend therapy sessions, even daily. Our conclusion in this regard is bolstered by Congress' recognition of procedural and substantive protections that apply to civil commitment to inpatient facilities. *E.g.*, 18 U.S.C. § 4248. Accordingly, we hold that, on remand, the district court must strike from Condition 5 the phrase "which may include inpatient treatment."[5]

CONDITION 5 AFFIRMED in part, VACATED in part, and REMANDED.

---

delegation of authority, *see United States v. Stoterau*, 524 F.3d 988, 1003 n.7 (9th Cir. 2008) (noting the issue, but declining to reach it), *cert. denied*, ___ U.S.L.W. ___ (U.S. Jan. 12, 2009) (No. 08-7566).

[5]We hold only that a district court may not delegate to the probation officer the decision whether a defendant must be committed to inpatient treatment. We express no view on the question whether a district court could order mandatory inpatient treatment as a condition of lifetime supervised release.