UNITED STATES of America,
Plaintiff–Appellee,

v.

Fangio Stanley MONFORT,
Defendant–Appellant.

No. 07–50219.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2009.*

Filed March 30, 2009.

Michael J. Raphael, Esq., April Anita Christine, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Fangio Stanley Monfort appeals from certain special conditions of supervised release imposed following his guilty-plea conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.

Monfort's challenges to the requirement under Condition 5 that he submit to polygraph and Abel testing, and to the limited waiver of confidentiality required pursuant to Condition 6, are foreclosed. *See United States v. Stoterau*, 524 F.3d 988, 1003–07, 1011 (9th Cir.2008). Monfort's challenge to the requirement under Condition 7 that he pay treatment costs as directed by the probation officer is also foreclosed. *See United States v. Soltero*, 510 F.3d 858, 864 (9th Cir.2007) (per curiam).

Monfort challenges Conditions 11, 13, and 14, restricting his interaction with children, and Conditions 18, 19, and 20, restricting his use of computers and internet-capable devices. We conclude that the district court did not abuse its discretion by imposing these conditions. *See Stoterau*, 524 F.3d at 1008; *United States v. Rearden*, 349 F.3d 608, 620–21 (9th Cir. 2003); *United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir.2002).

We recently held that a condition authorizing the probation officer to determine whether a defendant must participate in inpatient treatment impermissibly delegated the district court's judicial authority to require such treatment. *See United States v. Esparza*, 552 F.3d 1088, 1091 n. 5 (9th Cir.2009). Because the district court did not have the benefit of *Esparza* when it sentenced Monfort, we vacate this provision of Condition 5 and remand for the district court to determine whether to require mandatory inpatient treatment as a condition of supervised release.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.