**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10150 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00131-DGC-1 |
| v. | |
| RICHARD DAVIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Richard Davis appeals from the sentence – 180 months in prison and
supervised release for life – imposed following his guilty plea to one count of
transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1). Davis
argues that the district court erred in imposing a lifetime sentence, in sentencing

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

him to treatment that could include plethysmograph testing and ABEL Assessment, and in delegating the decision of whether to require physiological testing to the probation officer by directing the officer to select a sex offender treatment program for Davis to attend. We have jurisdiction under 28 U.S.C. § 1291. We affirm and remand to the district court to correct the written judgment to comport with the oral pronouncement of the sentence.

Whether a defendant has waived the right to appeal is a question of law reviewed de novo. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). In his plea agreement, Davis waived "any right to appeal the . . . sentence" imposed upon him, including the terms of supervised release. *See id.* at 986 (reference to "'any aspect of the sentence' unambiguously encompasse[s] supervised release terms").

In arguing that he may nevertheless appeal the orally imposed conditions, Davis argues that because the district court did not specifically articulate its reasons for imposing the supervised release sentence, the sentence violates the terms of the plea agreement. It does not. Neither the plea agreement nor the law requires an explanation of why a lifetime term of supervised release or sex offender treatment including ABEL Assessment was appropriate, after the extensive justification of the prison sentence applying the same factors and the

2

presentence investigation report's treatment of the issue. *See* 18 U.S.C. §§ 3583(c), (d)(1); *United States v. Daniels*, 541 F.3d 915, 921–22 (9th Cir. 2008); *see also United States v. Esparza*, 552 F.3d 1088, 1090 n.3 (9th Cir. 2009) (per curiam).

Davis's contention that the probation officer's ability to enforce the sentence imposed by the district court implicates a significant liberty interest is without merit. *See Daniels*, 541 F.3d at 926 ("'Abel testing does not implicate a particularly significant liberty interest'").

The government concedes that the oral pronouncement, which does not provide for plethysmograph testing, conflicts with the written judgment, which does, and therefore, the term must be stricken. We remand to the district court to correct its written judgment accordingly. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993).

**AFFIRMED and REMANDED with direction to correct the written judgment to conform to the oral sentence.**