**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10431 |
| Plaintiff - Appellee, | D.C. No. CR-04-562-PCT-DGC |
| v. | |
| BRANDYN BLATCHFORD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted October 17, 2012
San Francisco, California

Before: FISHER, TALLMAN, and CALLAHAN, Circuit Judges.

Defendant-Appellant Brandyn Blatchford ("Blatchford") appeals the district

court's imposition of a special condition of supervised release that he "shall

participate in a mental health program as directed by the probation officer which

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

may include taking prescribed medication." We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

The district court's imposition of the disputed special condition was not an abuse of discretion.[1] First, because the court did not make "'on-the-record, medically-grounded findings that court-ordered medication [was] necessary to accomplish one or more of the factors listed in [18 U.S.C.] § 3583(d)(1),'" this condition "must 'be understood as limited to those medications that do not implicate a particularly significant liberty interest of the defendant.'" *United States v. Daniels*, 541 F.3d 915, 926 (9th Cir. 2008) (some internal quotation marks and citations omitted) (quoting *United States v. Cope*, 527 F.3d 944, 954–55 (9th Cir. 2008)). There is no reason to remand for clarification by the district court, which we assume was aware of this rule of interpretation when it imposed the special condition. *See Fenner v. United States Parole Comm'n*, 251 F.3d 782, 786 (9th

---

[1] The government contends that we should review the district court's imposition of the special condition for plain error rather than abuse of discretion. However, we need not determine whether this more deferential standard of review applies because Blatchford's claims fail on abuse of discretion review.

Cir. 2001) ("[W]e assume that the district court knows and applies the law correctly." (internal quotation marks and citation omitted)).[2]

Second, the district court did not improperly delegate judicial authority to the probation officer. *See United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009). Both at the revocation hearing and in the order revoking supervised release, the court ordered that Blatchford "shall participate in a mental health program," which "may include taking prescribed medication,"[3] and then properly delegated to the probation officer administrative details, such as where and when the treatment would take place. *See United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005); *see also United States v. Rearden*, 349 F.3d 608, 619 (9th Cir. 2003) (giving the probation officer authority to select "the type and extent" of psychological or psychiatric counseling and/or a sex offender treatment program was not plainly erroneous).

Finally, the special condition is, by its plain language, limited to medications prescribed by a medical professional in connection with the mental health program

---

[2]     Our decision does not prejudice Blatchford's ability to challenge any specific medications prescribed during his period of supervised release that may implicate significant liberty interests. *See United States v. Mullen*, No. 07-50572, 329 Fed. App'x 61, 65 (9th Cir. May 7, 2009) (mem.).

[3]     We understand the court's use of the term "may" in this context to reflect the fact that medical professionals—not courts—prescribe medication.

3

ordered by the court.  *See Cope*, 527 F.3d at 956 ("[T]he requirement that [the defendant] 'shall take all prescribed medication' is overbroad insofar as it is not clearly limited to medications that are reasonably related to sex offender treatment.").

**AFFIRMED.**

*United States v. Blatchford*, No. 11-10431

RAYMOND C. FISHER, Circuit Judge, concurring:

I concur in the result and in the majority's analysis but write separately to surface two concerns. One is that I hope our decision will not be understood by district courts as a signal that they should continue to use open-ended, unqualified language when imposing supervised release conditions requiring defendants to take prescribed medication. Under our case law, such conditions should either be supported by the findings required under *United States v. Williams*, 356 F.3d 1045 (9th Cir. 2004), or be limited *explicitly* to medications that do not implicate significant liberty interests. Probation officers and government attorneys should bear this in mind when they propose conditions to district courts. And district courts should revise the standard language they use when imposing such conditions. The language used here – "which may include taking prescribed medication" – is facially overbroad, and could be revised to read, for example, "which may include taking prescribed medication, so long as the medication does not implicate substantial liberty interests." Of course, the more specificity the court can provide, the better.

Second, as the majority says, Blatchford must have the ability to challenge any specific medications prescribed during his period of supervised release. If

1

Blatchford participates in a mental health program that includes a prescribed medication that Blatchford in good faith believes implicates his liberty interests, Blatchford should be able to refuse to take the medication – without risking a supervised release violation, being taken into custody or suffering other adverse consequences – until the issue is resolved by the district court.

An exchange during oral argument illustrates this concern. At argument, the court asked what would happen if Blatchford were prescribed disulfiram, a drug to treat alcoholism sold under the brand name Antabuse. According to the National Institutes of Health's website, using alcohol while on disulfiram may cause "flushing of the face, headache, nausea, vomiting, chest pain, weakness, blurred vision, mental confusion, sweating, choking, breathing difficulty, and anxiety." Disulfiram: MedlinePlus Drug Information, U.S. National Library of Medicine, National Institutes of Health, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682602.html (last visited Oct. 17, 2012). Side effects may include headaches, drowsiness, tiredness and impotence. *See id.* These effects may not be as profound as those associated with antipsychotic drugs, but, in light of the unsettled nature of our case law, I assume Blatchford could have a good faith belief that being compelled to take Antabuse would implicate his significant liberty interests. Blatchford thus should be

permitted to refuse the medication, without suffering adverse legal consequences, until the district court either rules that the medication does not implicate his liberty interests or makes the findings required by *Williams*.