**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.15-50024 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00918-ODW-2 |
| v. | |
| RUFINO YURIAR, a.k.a. Fino Yuriar, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 2, 2016**
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges and WILKEN,*** Senior District
Judge.

    Rufino Yuriar appeals the 51-month sentence he received after pleading

guilty to one count of wire fraud. He also appeals two conditions of his supervised

---

*This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

***The Honorable Claudia Wilken, Senior District Judge for the U.S. District Court
for the Northern District of California, sitting by designation.

release. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss in part and affirm in part.

Yuriar's plea agreement included a broad appellate waiver where he waived his right to appeal any term of imprisonment "within or below the range corresponding to an offense level of 20 and the criminal history category calculated by the Court." His sentence of 51 months—which is at the low end of the range corresponding to an offense level of 18 and a criminal history category of V—was squarely within the waiver's scope. We are unpersuaded by Yuriar's argument that the waiver is unenforceable because of a variance between the factual basis in the plea agreement and the indictment. The plea agreement's statement that the fraudulent scheme began in June 2011 is consistent with the indictment's allegation that it began "on or before August of 2012." Even if the clarification in the plea agreement could be interpreted as a variance, Yuriar fails to show how it violated his substantial rights. *See United States v. Anton*, 547 F.2d 493, 496 (9th Cir. 1976) ("A variance does not affect the substantial rights of the accused if (1) the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or unfairly surprised at trial and (2) if the variance is not such that it will deprive the defendant

of his protection from reprosecution for the same offense."). Therefore, because the waiver covers the issues related to the term of imprisonment and Yuriar fails to show that the waiver is invalid, his appeal of his 51-month sentence must be dismissed. *United States v. Rivera*, 682 F.3d 1223, 1227 (9th Cir. 2012) (citing *Berger v. United States*, 295 U.S. 78 (1935)).

Turning to the two remaining issues, which concern the terms of supervised release, we are unpersuaded by Yuriar's challenges. On the first issue, the district court did not delegate authority to the probation officer to compel residential drug treatment. Rather, the district court first ordered Yuriar to participate in outpatient drug treatment, then provided that the probation officer could place Yuriar in a residential treatment center *if Yuriar agreed to it.* Because the supervised release condition required the probation officer to obtain Yuriar's consent, this case differs from cases where we have held that district courts wrongly delegated authority to compel residential treatment. *See, e.g.*, *United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009) (holding that a district court may not delegate the decision of whether a defendant would receive inpatient or outpatient treatment). Here, the supervised release condition was permissible.

On the second issue, Yuriar argues that the district court wrongly delegated

3

authority to the Probation Officer to compel him to pay for his drug treatment without finding that he has the means to do so. "We have previously held that district courts do not abuse their discretion when they impose conditions of supervised release that delegate to the probation officer the power to direct the defendant to pay some or all of the costs of treatment." *United States v. Stoterau*, 524 F.3d 988, 1007 (9th Cir. 2008). Yuriar cites no authority requiring the district court to refer explicitly to 18 U.S.C. § 3672. Thus we reject this contention.

**DISMISSED in part, AFFIRMED in part.**