NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10001 |
| Plaintiff-Appellee, | 19-10068 |
| v. | D.C. No. 3:16-cr-08042-DJH-1 |
| EARLSON TULLIE, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted April 17, 2020[**]
San Francisco, California

Before: HAWKINS and PAEZ, Circuit Judges, and RESTANI,[***] Judge.

In this consolidated appeal, Earlson Tullie challenges three conditions of

supervised release that were imposed after he pled guilty to assaulting a child

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

under the age of sixteen. We affirm in part, vacate in part, and remand for further proceedings consistent with this disposition.

**1.** We agree that the district court initially erred when it delegated to the probation officer the authority to decide whether Tullie should participate in a sex offender treatment program but conclude that the error was not plain. As we and other courts have held, only a district court can impose such requirements. *See United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009) (striking language from special condition requiring sex offender treatment, "which may include inpatient treatment, as approved and directed by the Probation Officer").

Nonetheless, the district court itself later imposed sex offender treatment after Tullie's first and second revocation hearings, after considering the results of Tullie's psychosexual exam, his prior incriminating statements, and his concealment of his contacts with minors while on supervised release. Thus, although the initial delegation of authority to the probation officer was improper, the district court eventually determined on its own that sex offender treatment was necessary. We thus cannot say that "the condition would not have been imposed had the error not occurred." *United States v. Barsumyan*, 517 F.3d 1154, 1162 (9th Cir. 2008).

**2.** We agree, and the government concedes, the district court erred when its written revocation order diverged from an "unambiguous" oral pronouncement.

*United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). At the hearing, the district court ordered Tullie to "maintain full-time employment and/or schooling as directed by your probation officer," but the district court's written revocation order dropped the reference to "schooling" and added language authorizing the probation officer to require Tullie to perform "up to 20 hours of community service per week" if he was not employed full-time. The oral pronouncement "must control." *Hicks*, 997 F.2d at 597.

**3.** We agree that the district court plainly erred by imposing special condition number nine, which restricts Tullie from "engaging in any occupation, business, volunteer activity or profession" carrying "the *potential* to be alone with children," because the condition is overbroad. (Emphasis added.) Compliance with this condition would leave only professions in industries that rigidly prohibit the presence of minors, such as a bar, casino, or adult-entertainment venue. Nothing in the record suggests Tullie had an ongoing propensity to harm children, particularly *random* children he might "potentially" encounter on the job. And we have rejected similarly broad conditions, even when the defendant was convicted of more serious crimes. *See, e.g.*, *United States v. Wolf Child*, 699 F.3d 1082, 1087 (9th Cir. 2012) (striking condition prohibiting defendant from dating anyone who has minor children).

Further, the error was plain because it was "clear" that the condition

contained no qualifying or limiting principle and thus prohibited far more liberty than was reasonably necessary to accomplish the goals of deterrence, protection of the public, or rehabilitation. *See* 18 U.S.C. § 3583(d); *Wolf Child*, 699 F.3d at 1087. The error also affected substantial rights because "the condition would not have been imposed had the error not occurred." *Barsumyan*, 517 F.3d at 1162. Last, a legally void condition that carries with it the threat of punishment seriously affects the fairness, integrity, or public reputation of judicial proceedings.

**AFFIRMED in part, VACATED in part, and REMANDED.**