NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10148 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 1:15-cr-00633-JMS-1 |
| | 1:15-cr-00633-JMS |
| DENNIS DUARTE, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted February 17, 2022**
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Defendant-Appellant Dennis Duarte appeals the denial of his motion for compassionate release. He contends the district court erred on two grounds: (1) it abused its discretion in finding that the risk of infection with COVID-19 did not present an "extraordinary and compelling reason[]" for his release under 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 3582(c)(1)(A)(i), and (2) in making this finding, its reliance on guidance from the Center for Disease Control (CDC) constituted impermissible delegation under *United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009) (per curiam). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In deciding whether to grant a defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), we "consider (1) whether 'extraordinary and compelling reasons warrant such a reduction'; and (2) 'the [sentencing] factors set forth in [§] 3553(a) to the extent that they are applicable.'" *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Each step of this analysis qualifies as an independent ground to deny a motion for compassionate release. *See id.* at 1284 ("[A] district court that properly *denies* compassionate release need not evaluate each step.").

The district court denied Duarte's motion based on both steps. However, on appeal, Duarte challenges only the district court's "extraordinary and compelling reasons" analysis. Regarding the § 3553(a) analysis, Duarte merely contends these statutory factors do not provide an independent ground for relief when the district court has already conducted an "extraordinary and compelling reasons" inquiry. In support, he cites *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam), where we remanded even though the district court had found that the § 3553(a) factors weighed against release. But in *Aruda* "[w]e offer[ed] no views as

2

to the merits" of the defendant's motion for compassionate release. *Id.* Instead, we remanded because the district court had treated an inapplicable sentencing guideline as binding. *Id.* Here, the district court made no such error.

Because the district court's § 3553(a) analysis, which Duarte did not challenge, provides an independent ground to deny Duarte's motion for compassionate release, we affirm on that basis and do not address Duarte's arguments related to the district court's extraordinary-and-compelling-reasons analysis. *See Keller*, 2 F.4th at 1284; *Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1152 (9th Cir. 2018) (per curiam) (issues not raised on appeal are waived).

**AFFIRMED.**