**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-10217 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-50160-SPL-1 |
| v. | |
| CHRISTINA FAVELA-FAVELA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted May 16, 2023
Phoenix, Arizona

Before:  NGUYEN, COLLINS, and LEE, Circuit Judges.

Christina Favela-Favela ("Favela") appeals two of the supervised release
conditions imposed by the district court as unsupported by the record: (1) a
condition requiring her to abstain from possessing and using alcohol; and (2) a
condition requiring her to undergo a mental health assessment and to participate in
mental health treatment.  Favela also contends that the mental health condition

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

improperly delegates the decision as to whether she must participate in treatment to a medical or mental health professional. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm the imposition of both conditions, but remand for the district court to impose the District of Arizona's new mental health language.

1.     Special Condition No. 4, prohibiting Favela from using or possessing alcohol, does not lack reasonable support in the record. Favela's past alcohol use caused her to neglect her children and expose them to significant risks. While the incident described in the record occurred many years ago, the district court did not abuse its discretion in imposing the no-alcohol condition given the serious nature of the incident and the fact that Favela still had minor children at the time of sentencing.[1]

2.     Special Condition No. 5 states, in relevant part, that:

> You must participate in a mental health assessment and participate in mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider.

Favela experienced previous mental health struggles, sought therapy in the past, and was interested in pursuing therapy again. Thus, the record supports the district

---

[1] Favela expressed concern that the condition barring possession of alcohol could disqualify her from any job where she might handle alcohol. We interpret the condition only to prohibit Favela from consuming alcohol or possessing alcohol for personal use, not from serving alcohol as part of a job.

court's conclusion that Favela would benefit from mental health treatment.

3. The district court did not improperly delegate the decision of whether Favela must participate in mental health treatment to a non-judicial officer. As long as a district court "answer[s] the question of *whether* [a defendant] would undergo treatment," there is no improper delegation of judicial power. *United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005). Here, the district court used mandatory language, requiring that Favela "must participate in a mental health assessment and participate in mental health treatment." We construe the clause that follows, "as determined to be necessary by a medical or mental health professional," to refer to the determination of the appropriate *type* of treatment. Because the district court mandated mental health treatment—leaving only "the ministerial task[]" of choosing the appropriate method for compliance with the court's condition to a medical or mental health professional—it did not improperly delegate its judicial authority. *Id.*

Prior to oral argument, however, the government advised the court that the District of Arizona recently modified the language used in its mental health condition to account for *United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009) (holding that the district court cannot delegate the decision of whether a defendant receives inpatient versus outpatient treatment to a probation officer). The government does not object to a limited remand to apply the new standard

3

language.  Accordingly, we remand to the district court to impose the new language.

**AFFIRMED and REMANDED.**