Filed 9/4/25  P. v. Clark-Ganas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C101082 |
| Plaintiff and Respondent, | (Super. Ct. No. F21000238A) |
| v. | |
| TERI ELLEN CLARK-GANAS, | |
| Defendant and Appellant. | |

Defendant Teri Ellen Clark-Ganas challenges a probation condition requiring her to "enter into and continue such education, psychological, psychiatric, drug, alcohol, or other rehabilitation programs as directed by probation."  On appeal, she claims the condition improperly delegates judicial authority to the probation department in violation of the separation of powers doctrine.  The People agree the condition's overbreadth may improperly delegate judicial authority to the probation department as the condition is not limited to outpatient, nonresidential treatment programs.  We accept the People's

1

concession and shall remand for the trial court to clarify the nature of the requirements imposed for the challenged probation condition.

## I.  BACKGROUND

In August 2021, defendant and codefendant Susan Knight stole a generator from a pumphouse located on the property of the Joan and Paul (the victims) while Joan was home.  The victims had recently listed their house for sale.  Officers detained defendant and Knight a short time later and found the victims' generator in the back of the truck defendant was driving.  Officers also located mail and a checkbook, among other things, belonging to a nearby resident who had also listed his home for sale.  Several other real estate listings were also found in the truck, including the victims' home.

A jury found defendant guilty of second degree burglary (Pen. Code, § 459)[1] and conspiracy to commit second degree burglary (§§ 182, subd. (a)(1), 459).  As to both counts, the jury found true the aggravating factor that the manner in which the crimes were carried out indicated planning, sophistication, or professionalism (Cal. Rules of Court, rule 4.421(a)(8)).  In a subsequent court trial, the court found true the aggravating factor that defendant's convictions were increasing in seriousness (Cal. Rules of Court, rule 4.421(b)(2)), but not that she had previously performed unsatisfactorily on probation or supervision (Cal. Rules of Court, rule 4.421(b)(5)).[2]

The trial court suspended imposition of sentence and placed defendant on formal probation for two years with various terms and conditions, including serving 180 days in jail.  The probation conditions also included the one challenged here, which provides: "After completion of their jail commitment, the defendant shall enter into and continue such education, psychological, psychiatric, drug, alcohol, or other rehabilitation program

---

[1] Further undesignated statutory references are to the Penal Code.

[2] The court granted the prosecution's motion to dismiss the aggravating factor regarding the monetary value of the stolen generator.

as ~~ordered by the court~~ directed by probation." The condition continues: "Such program shall consist of:＿＿＿＿＿＿. The defendant shall not leave said program without permission from __court __ probation officer." The spaces identifying the type of program or who defendant had to obtain permission from before leaving a program were left blank. Defendant timely appealed.

## II. DISCUSSION

The parties agree, as do we, that the rehabilitative programming condition, which could conceivably include residential treatment programs, is overly broad and impermissibility delegates judicial authority to the probation department in violation of the separation of powers doctrine.

"Under the separation of powers doctrine (Cal. Const., art. III, § 3), judicial powers may not be delegated to nonjudicial officers." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).) It is the trial court's "duty to determine the nature of the requirements imposed on [a] probationer," though the court may allow the probation department to "specify the details necessary to effectuate the . . . conditions." (*Ibid.*) For example, the court may "mandate[] treatment for substance abuse based on [an] assessment while leaving the probation officer to oversee the details." (*Id.* at p. 903.)

Appellate courts have also "disapproved provisions purporting to completely delegate the setting of a condition to the probation department" based on overbreadth. (*In re D.N.* (2022) 14 Cal.5th 202, 209, fn. 4; see *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1357-1359.) While "[t]he court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation," the court's order "cannot be entirely open-ended." (*O'Neil, supra*, at pp. 1358-1359.) Instead, to avoid being overly broad, a probation condition must establish some "standard by which the probation department is to be guided." (*Id.* at p. 1359.)

3

The condition challenged here fails to meet these requirements. The trial court ordered defendant to "enter into and continue such education, psychological, psychiatric, drug, alcohol, or other rehabilitation program as directed by probation." While the written condition includes a space for identifying the requirements of any such programs, the space was left blank, and the trial court itself did not orally identify the programming requirements during the sentencing hearing. Thus, the condition is entirely open-ended and does not specify whether any treatments will be based on an assessment of defendant's individualized needs. Moreover, it leaves the probation department, rather than the court, to identify various rehabilitative programs, which could potentially include a residential treatment program.

A residential treatment program, however, "can impose far greater burdens on a person's liberty interests than an outpatient program." (*Smith, supra*, 79 Cal.App.5th at p. 903 [unlike outpatients, participants in residential programs may be confined to the treatment facility for the duration of the program, separated from family, friends, and often unable to work].) Given the significant liberty interests at stake, a court—and not a probation officer—must decide whether to require a defendant to attend residential treatment. (*Ibid.*; see also *U.S. v. Esparza* (9th Cir. 2009) 552 F.3d 1088, 1091.)

Here, as written, and as orally imposed by the trial court, the condition impermissibly delegates to the probation officer the determination of what type of treatment program defendant will be ordered to complete, including whether the program will be residential or outpatient. (*Smith, supra*, 79 Cal.App.5th at p. 903.) And, as the parties agree, the condition fails to illuminate for defendant the nature and extent of psychiatric, psychological, or educational programs that the court deems appropriate.

Accordingly, we shall remand the matter for the trial court to determine the nature of the requirements imposed under the rehabilitative programming condition based on an assessment of defendant's specific rehabilitative programming needs.

4

## III.  DISPOSITION

The matter is remanded to the trial court with directions to clarify and tailor the probation condition that defendant "enter into and continue such education, psychological, psychiatric, drug, alcohol, or other rehabilitation program" consistent with this opinion.  In all other respects, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

FEINBERG, J.