Filed 6/24/26  P. v. Corirossi CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ADRIAN CORIROSSI,<br><br>    Defendant and Appellant. | D085836<br><br><br>(Super. Ct. No. SCN462148) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Arlene A. Sevidal, Assistant Attorney General, Christopher P. Beesley and Namita Patel, Deputy Attorneys General, for Plaintiff and Respondent.

Adrian Corirossi pled guilty to felony possession of methamphetamine with prior drug convictions (Health & Saf. Code, § 11395, subds. (b)(1), (c)) and was sentenced to two years of formal probation.  He challenges five probation conditions as unconstitutional because the conditions as

written (1) impermissibly delegate judicial authority to the probation officer and are also (2) overbroad and (3) vague. We disagree.

First, on the particular circumstances of this case the "if directed" language of each condition did not improperly delegate the court's authority to impose the conditions of probation. Second, the conditions are narrowly tailored to a rehabilitative purpose and do not unduly restrict Corirossi's liberty interests. Finally, the conditions are sufficiently precise to provide Corirossi adequate notice of what is required of him. We thus conclude the conditions are constitutionally valid and affirm.

I.

After a police search of Corirossi and his belongings revealed methamphetamine, hypodermic needles, and a stun gun, he was charged with, among other misdemeanor counts, felony possession of methamphetamine with prior drug convictions. Corirossi entered into a plea agreement and pled guilty to the felony count.

At sentencing, the court granted two years of formal probation and imposed terms and conditions, which Corirossi accepted. The court's final probation order included the following probation conditions at issue in this appeal:

> **7. TREATMENT, THERAPY, COUNSELING:** [¶] . . .[¶]
>
> d.  Attend and successfully complete Individual-IF, Group-IF, and cognitive behavior-IF counseling program[s] approved by the [probation officer] if directed by the [probation officer].
>
> **8. ALCOHOL CONDITIONS:** [¶] . . . [¶]
>
> c.  Attend 'Self-Help' meetings if directed by the [probation officer].  [¶] . . . [¶]

2

**9. DRUG CONDITIONS:**

a.  Complete a program of residential treatment and aftercare if directed by the probation officer.  [¶] . . . [¶]

**14. FURTHER CONDITIONS:** [¶] . . . [¶]

b.  Participate in a substance use level of care assessment within 7 business days if directed by [the probation officer].

c.  Enroll in & adhere to substance use treatment & recovery services, as clinically indicated if directed by [the probation officer].

## II.

On appeal, Corirossi challenges these five probation conditions as unconstitutional because, as written, they (1) impermissibly delegate judicial authority to the probation officer and are (2) overbroad and (3) vague.  We are not persuaded.

Under Penal Code section 1203.1, subdivision (j), a trial court is granted broad discretion to impose reasonable conditions of probation "as it may determine are fitting and proper" including "specifically for the reformation and rehabilitation of the probationer."  If a probation condition protects public safety and serves to rehabilitate, it "may impinge upon a constitutional right otherwise enjoyed by the probationer, who is 'not entitled to the same degree of constitutional protection as other citizens.'"  (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624.)  And because "[t]he trial court is poorly equipped to micromanage selection of a [particular] program" (*People v. Penoli* (1996) 46 Cal.App.4th 298, 308), it may properly exercise its discretion to determine a general *type* of programming while leaving it to the probation officer to specify the details after further examination and assessment.  (See *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359

3

["court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation" as long as the order is not "entirely open-ended"].)

Generally, challenges to probation conditions must be raised in the trial court, or they are forfeited. (*People v. Brand* (2021) 59 Cal.App.5th 861, 867.) Objections based on the suitability of particular treatment modes for the facts of the particular case allow the court to provide any necessary fine tuning. Constitutional claims raising pure questions of law, however, are not forfeited by counsel's failure to object. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-889 [preservation by objection not necessary when appellant raises facial challenge to constitutionality of probation conditions].) Because Corirossi makes facial challenges to the conditions' constitutionality, he did not forfeit these limited issues on appeal. (See *Brand*, at pp. 867-868.)

We review conditions challenged on constitutional grounds de novo. (*Brand*, 59 Cal.App.5th at p. 867.)

A.

Corirossi argues the probation conditions are unconstitutional because they improperly delegate the court's discretionary power to decide the conditions. Treating the conditions as a group, he asserts none of the conditions imposes a condition because the "if directed" language of each one "comprehensively delegate[s]" the decision whether to impose the condition to the probation officer. He relies specifically on *People v. Smith* (2022) 79 Cal.App.5th 897 and *United States v. Esparza* (9th Cir. 2009) 552 F.3d 1088 (*per curiam*).

In *Smith*, the trial court imposed a condition that the defendant "'participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer.'" (*Smith,* 79 Cal.App.5th at

4

p. 901.) The appellate court agreed with the defendant that the condition violated separation of powers because it "delegate[d] to the probation officer the discretion to decide whether [the defendant] must attend a residential program, as opposed to an outpatient program." (*Id.* at p. 903.) In support, *Smith* recognized that "the parties negotiated a disposition that would allow [the defendant] to remain out of custody in part because she had a young daughter for whom she cared at home." (*Ibid.*) Though the trial court had acknowledged the defendant needed some form of treatment for substance abuse, *Smith* noted the trial court did not require the defendant attend a residential treatment program. (*Ibid.*) "Nor did the probation report specify residential treatment." (*Ibid.*) *Smith* reasoned, "[g]iven the significant liberty interests at stake, a court—not a probation officer—must make the decision to require a defendant to attend residential treatment." (*Ibid.*)

*Esparza* considered the following probation condition: "The defendant shall participate in a psychological/ psychiatric counseling and/or a sex offender treatment program, *which may include inpatient treatment*, as approved and directed by the Probation Officer." (*Esparza*, 552 F.3d at p. 1089, italics added.) Like *Smith*, *Esparza* recognized a court must decide whether a defendant must abide by a condition and how the defendant will be subjected to it; whereas the probation officer may determine the details of where and when the condition will be satisfied. (*Esparza*, at p. 1091.) Because the condition used the term "may," *Esparza* found the decision whether the defendant would receive inpatient treatment had been improperly delegated. (*Ibid.*)

Both *Smith* and *Esparza* address facial challenges to a very specific probation condition that delegates to the probation officer the decision *whether* the defendant will be required to complete a *residential* treatment

5

program, and neither provides compelling authority for invalidating the residential treatment condition or the other four conditions that were ultimately included in this case. Here, it would appear that the probation department initially recommended residential treatment as a condition of probation. It was only in response to a request by defense counsel at the hearing that the judge agreed to modify the condition so that a residential treatment program would only be required *if* directed by the probation officer. Corirossi cannot fairly complain about the delegation of discretion to the probation officer that he specifically requested. *Smith* further appears to have engaged in a fact-specific inquiry, suggesting that the court may have treated the claim as an as-applied challenge. Yet Corirossi does not make such a challenge. We thus find *Smith* and *Esparza* do not assist Corirossi.

B.

Corirossi claims the conditions are constitutionally overbroad because they allow the probation officer to order "any type of assessment, treatment, therapy, or counseling" beyond that necessary to effectuate the conditions' purposes, in violation of his protected liberty interests. We disagree with Corirossi's characterization of the scope of the conditions.

In support of his position, Corirossi relies on *O'Neil*. There, the appellate court determined a probation condition prohibiting the defendant from associating socially or being present "'with any person, as designed by your probation officer,'" was facially overbroad and permitted an unconstitutional infringement on the defendant's right of association. (*O'Neil*, 165 Cal.App.4th at pp. 1354, 1357-1359.) Two aspects of the condition rendered it unsound: (1) it did not require the defendant to know the person had been designated off-limits by probation, and (2) there were no limits on the persons with whom probation could prohibit the defendant from

6

associating. (*Id.* at p. 1357.) As a result, the condition would allow the probation officer "to banish [the] defendant by forbidding contact with his family and close friends, even though such a prohibition may have no relationship to the state's interest in reforming and rehabilitating [the] defendant." (*Id.* at p. 1358.) *O'Neil* further reasoned, "the [trial] court's order cannot be entirely open-ended. It is for the court to determine the . . . class of people with whom the defendant is directed to have no association." (*Id.* at p. 1359.)

*O'Neil* is easily distinguishable, as none of the five conditions before us can be described as "entirely open-ended" and unconnected to a rehabilitative purpose. (*O'Neil*, 165 Cal.App.4th at p. 1358.) Far from ordering "any type" of assessment, treatment, therapy, or counseling, as Corirossi asserts, the conditions specify the kinds of treatment ordered as individual, group, or cognitive behavioral therapy; self-help meetings for alcohol issues; temporary residential drug treatment; substance use assessments; and substance use treatment and recovery services that are clinically indicated. Because each condition is on its face related to remediating drug or alcohol problems, it also cannot be said the conditions "have no relationship to the state's interest in reforming and rehabilitating." (See *id.* at p. 1358.)

Given the conditions are specific and facially related to a rehabilitative purpose, Corirossi has failed to demonstrate they unduly infringe on his liberty interests. (See *In re Sheena K.*, 40 Cal.4th at p. 890 [limitations on constitutional rights must be closely tailored to purpose of condition to avoid being unconstitutionally overbroad].) The conditions are not unconstitutionally overbroad.

## C.

Corirossi's final argument is a challenge to the conditions on vagueness grounds. He contends the conditions confer on the probation department "wide, general, and inadequately limited discretionary authority" to require him to engage in "unspecified assessment and treatment." He further argues that, as written, the conditions do not provide him "adequate notice" of the "type of assessment and treatment programs" he will be required to participate in and complete. We discern no vagueness issues.

The touchstone of a void-for-vagueness challenge is the due process concept of fair warning. (*People v. Hall* (2017) 2 Cal.5th 494, 500.) The doctrine prohibits the government from enforcing a provision that "'forbids or requires the doing of an act in terms so vague' that people of 'common intelligence must necessarily guess at its meaning and differ as to its application.'" (*Ibid.*)

Corirossi's claim is predicated on the assertion that the conditions inadequately inform him of prohibited or mandated conduct because the probation department has wide authority to impose some type of unspecified treatment. But we have already rejected the contention that the conditions, as written, grant the probation officer authority to decide the conditions of probation. Instead, the court implicitly concluded the conditions were appropriate for Corirossi's rehabilitation. We have also explained the conditions do not allow "any" type of treatment, therapy, or assessment; rather, they specify particular programs which the trial court found could benefit Corirossi and further his rehabilitation. Thus, the conditions, as written, do not leave Corirossi to speculate as to what types of therapies he may have to complete. (*In re Sheena K.*, 40 Cal.4th at p. 890 [probation condition "'must be sufficiently precise for the probationer to know what is

8

required of him, and for the court to determine whether the condition has been violated'".)  Corirossi's constitutional vagueness argument accordingly does not persuade us.

III.

We affirm.


CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


RUBIN, J.