Filed 6/13/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>TANEQUA SMITH,<br><br>      Defendant and Appellant. | A162551<br><br><br><br>(Marin County Super. Ct.<br>No. SC212669B) |

     Tanequa Smith challenges the trial court's imposition of a probation condition requiring that she participate in any treatment program, including residential treatment, as directed by her probation officer. She also challenges a probation condition requiring her to disclose her financial information to her probation officer. Smith contends that both conditions are unconstitutional and unreasonable. We conclude that the treatment condition improperly delegates judicial authority to the probation officer, but we uphold the financial disclosure condition.

**BACKGROUND**

**A.**

     Smith, a single mother, was arrested in connection with the theft of a cell phone and iPad from an unlocked vehicle. After Smith gave police consent to search her vehicle, the police found multiple cell phones in her purse, and she admitted she had stolen two iPhones. Police also located a receipt containing the last four digits of a stolen credit card, and Smith stated that she

1

had attempted to use the credit card four times to purchase Target gift cards.  In addition, the police found suspected methamphetamine in her purse, and Smith admitted it was hers.

The police also searched the vehicle of Smith's friend, B.L., whom they believed had committed the theft along with Smith.  They found a backpack containing two wallets with identification cards, credit cards, personal checks, and other documents belonging to other individuals.  The police believed the items in the backpack were stolen by Smith and B.L.  B.L. told police that Smith said the backpack belonged to her daughter.

Four days later, police stopped Smith's car and, during a search, found suspected methamphetamine.  Smith admitted the methamphetamine belonged to her and stated that she " 'likes to get high.' "  In Smith's wallet, the police also located a bank card belonging to someone else.  Smith stated that she had attempted to use the bank card after finding it on a sidewalk, but it was declined.  Police subsequently contacted the owner of the bank card, who stated that his bank card was stolen several months earlier when his car was burglarized.

**B.**

In exchange for two years of supervised probation and the dismissal of other charges, Smith pled guilty to a single count of unauthorized use of personal identifying information belonging to another person for the purpose of obtaining goods (Pen. Code, § 530.5, subd. (a)).

The probation report recounted Smith's statement that she had been using methamphetamine since 2014, and that she had stopped using it approximately four months after her arrest, in 2020.  Smith believed that she could stop using drugs whenever she wanted.

During sentencing, defense counsel noted that Smith had been unable to find child care for her daughter during the

coronavirus pandemic, and the People acknowledged that Smith "does have a young child that she is taking care of." In conformance with the plea agreement, the trial court sentenced Smith to two years of supervised probation. The court determined that she presented an unusual case in which supervised probation was warranted because of her substance abuse problem and the great likelihood that she would respond to treatment. The court stated that "it's clear that there is some form of treatment that's required to address the underlying issues, and those are substance [abuse] issues."

The court imposed a probation condition requiring Smith to "complete a drug and alcohol assessment and follow through with treatment as directed by probation." In addition, the court imposed a condition that Smith "participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer" (treatment condition). The court also required that Smith "provide complete and current financial information, including verification of earnings, as directed by the probation officer" (financial disclosure condition). Smith's appeal concerns the latter two conditions.

## DISCUSSION

### A.

### *Treatment Condition*

Smith asserts that the treatment condition is unconstitutional because it is vague and overbroad, and it improperly delegates judicial authority to the probation officer. In addition, she contends that the treatment condition is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). We agree with Smith that the condition includes an unconstitutional delegation of authority.

3

**1.**

As an initial matter, the People argue that Smith forfeited her challenge to the treatment condition because she failed to object to it in the trial court. Although her attorney did not object, Smith herself did ask what the court meant by the condition that she go to a program, suggesting that she believed there was some vagueness or lack of specificity with the treatment condition. In any event, Smith's facial constitutional challenge may be considered for the first time on appeal because it does not depend on the underlying factual record. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 884-886 (*Sheena K.*).) Her *Lent* challenge is forfeited, however. (*Sheena K., supra,* at pp. 884-886.)

**2.**

To survive a vagueness challenge, a probation condition must be precise enough to provide the probationer with notice of what is required or prohibited and allow the court to ascertain whether the probationer has violated its terms. (*Sheena K., supra*, 40 Cal.4th at p. 890; *People v. Gonsalves* (2021) 66 Cal.App.5th 1, 7 (*Gonsalves*).) When a probation condition impinges on a person's constitutional rights, the condition is overbroad if its restrictions are not closely tailored to the purpose served by the condition. (*Sheena K., supra*, at p. 890.)

By leaving key determinations to be decided ad hoc, a vague probation condition may also result in an impermissible delegation of authority to the probation officer. (See *Sheena K., supra*, 40 Cal.4th at p. 890.) Under the separation of powers doctrine (Cal. Const., art. III, § 3), judicial powers may not be delegated to nonjudicial officers. (*In re S.H.* (2003) 111 Cal.App.4th 310, 318, fn. 11.) While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer.

(*Gonsalves, supra*, 66 Cal.App.5th at p. 8; see *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359.)

Smith's constitutional challenges present questions of law that we consider de novo. (See *In re David C.* (2020) 47 Cal.App.5th 657, 668-669 & fn. 7.) When construing probation conditions, we consider their context and we use common sense. (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129.) Where the trial court has made oral or written comments clarifying the probation condition, we may consider those comments in determining whether a challenged condition is unconstitutionally vague. (See *Sheena K., supra*, 40 Cal.4th at p. 891.)

**3.**

The challenged condition provides: "Defendant to participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer." Smith contends that the treatment condition is vague, overbroad, and an improper delegation of authority because it allows the probation officer to decide whether she will be required to attend any treatment, counseling, or therapy program and it fails to provide her with notice of the nature of the treatment, counseling, or therapy required.

The People do not dispute that the treatment condition as worded may be problematic in the respects Smith has identified. But the People correctly argue that it is more clear and focused when read in context. The treatment condition must be considered alongside the assessment condition, which provides that Smith must "complete a drug and alcohol assessment and follow through with treatment as directed by probation." This is consistent with the court's oral comments that Smith needed treatment for her substance abuse problem.

When considered in light of the assessment condition and the court's comments, the condition passes muster. The court

5

mandated treatment for substance abuse based on the assessment while leaving the probation officer to oversee the details. (See *United States v. Young* (2d Cir. 2018) 910 F.3d 665, 671 (*Young*) [upholding condition requiring treatment if a substance abuse evaluation indicates a need for treatment].)

**4.**

Smith contends that the treatment condition violates the separation of powers doctrine because it delegates to the probation officer the discretion to decide whether she must attend a residential program, as opposed to an outpatient program. We agree.

A residential program can impose far greater burdens on a person's liberty interests than an outpatient program. (See *United States v. Esparza* (9th Cir. 2009) 552 F.3d 1088, 1091 (*Esparza*).) Unlike outpatients, participants in residential programs may be confined to the treatment facility for the duration of the program, separated from family and friends, and unable to maintain a job. (*United States v. Matta* (2d Cir. 2015) 777 F.3d 116, 122 (*Matta*); *United States v. Martinez* (5th Cir. 2021) 987 F.3d 432, 435 (*Martinez*).) Given the significant liberty interests at stake, a court—not a probation officer—must make the decision to require a defendant to attend residential treatment. (See *Matta*, *supra*, at p. 123; *United States v. Mike* (10th Cir. 2011) 632 F.3d 686, 695-696 (*Mike*).) We therefore agree with the federal courts of appeal that have held that entrusting the decision whether to mandate residential treatment to the probation officer is an improper delegation of judicial authority. (*Martinez*, *supra*, at pp. 435-436; *Matta*, *supra*, at pp. 122-123; *Mike*, *supra,* at pp. 695-696; *Esparza*, *supra*, at p. 1091.)

Here, the parties negotiated a disposition that would allow Smith to remain out of custody in part because she had a young daughter for whom she cared at home. Although the trial court

6

made clear that Smith needed "some form of treatment" for substance abuse, the court did not require that she attend a residential treatment program as opposed to an outpatient program. Nor did the probation report specify residential treatment.

We therefore reverse the authorization for the probation officer to determine whether residential treatment is required and remand for the trial court to decide if it wishes to mandate residential treatment. The court's decision may be informed by the results of any assessment and additional information provided by the parties.

## B.

### *Financial Disclosure Condition*

Smith also challenges the condition requiring her "to provide complete and current financial information, including verification of earnings, as directed by the probation officer." She asserts that the condition is unreasonable under *Lent* and is unconstitutional because it is vague, overbroad, and an impermissible delegation of judicial authority. We conclude that Smith's arguments are without merit.

Under the *Lent* test, a probation condition is invalid if it (1) is unrelated to the crime for which the defendant was convicted; (2) pertains to conduct that by itself is not criminal; *and* (3) it regulates conduct not reasonably related to potential criminal acts. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118, citing *Lent, supra*, 15 Cal.3d at p. 486.) Here, Smith is unable to establish the first and third parts of the test. She was convicted of unauthorized use of personal identifying information (Pen. Code, § 530.5, subd. (a)) based on trying to use a stolen credit card to purchase gift cards. Smith also had in her possession at least one other stolen bank card. Requiring her to provide information that would allow her probation officer to ensure that funds in her

7

possession came from a legitimate source is clearly related to the crime at issue here. For the same reason, the requirement is reasonably related to preventing future criminality. (See *United States v. Garcia* (9th Cir. 2008) 522 F.3d 855, 861-862.)

With respect to her constitutional challenge, Smith contends that the condition is vague, overbroad, and an improper delegation of judicial authority because it fails to specify the type of financial information she is required to provide. She also asserts that the condition violates her right to privacy to the extent it requires her to produce information that is irrelevant to her sources of income. According to Smith, the condition could be more narrowly tailored to focus on information related to her sources of income.

However, the trial court's oral comments make clear that the financial disclosure condition is limited in exactly the way Smith has identified. (See *Sheena K.*, *supra*, 40 Cal.4th at p. 891.) The court stated: "I am going to require the financial information disclosure, it is an identity theft charge, she did have items belonging to other people in her possession, and I think it's fair and appropriate for Probation to be able to assess where her funds are coming from under those circumstances." When considered in the context of the court's remarks, and as the People concede, the condition only requires Smith to provide information about her sources of income. We therefore reject Smith's argument that the condition is vague and improperly delegates authority to the probation officer.

Nor is the condition overbroad. As Smith acknowledges, so long as the condition is limited to information related to her sources of income, it does not infringe on her privacy rights.

8

**DISPOSITION**

The matter is remanded to the trial court with directions either to strike the words "including residential" from the treatment condition or to specify that the court requires Smith undergo residential treatment. In all other respects, the judgment is affirmed.

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

WISEMAN, J.*

A162551

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10

Marin County Superior Court No. SC212669B, Hon. Geoffrey M. Howard

Robert F. Kane, under appointment by the First District Appellate Project, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Rene A. Chacon, Supervising Deputy Attorney General, and Julia Y. Je, Deputy Attorney General, for Plaintiff and Respondent.