Filed 2/28/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LIAM RHINEHART,<br><br>        Defendant and Appellant. | A148548<br><br>(Sonoma County<br>Super. Ct. No. SCR675204) |

Defendant and appellant Liam Rhinehart pled no contest to one felony count of carrying a dirk or dagger and one misdemeanor count of exhibiting a deadly weapon. The trial court suspended his sentence and placed him on three years' probation. Rhinehart appeals probation conditions which ordered him to "[s]tay out of places where alcohol is the primary item of sale, such as bars or liquor stores;" to "[b]e of good conduct and obey all laws;" and to "not be adjacent to any school campus during school hours unless [he is] enrolled or with prior permission of school Administration or probation." In order to address any possible vagueness, we modify the last condition to specify that he must maintain a 50-foot distance from any school campus. We otherwise affirm as modified.

## BACKGROUND

In August 2015, Rhinehart entered a frozen yogurt shop in Santa Rosa and started to harass a group of children. When a shop employee asked him to leave, Rhinehart refused. Watching his exchange with an employee, a customer thought Rhinehart was positioning himself to attack the employee. The customer stepped between the two and joined in asking Rhinehart to leave. Rhinehart made his way towards the exit but was challenging the customer to fight. As he held the store door open, he appeared to reach

for his knife. Fearful for his safety, the customer punched Rhinehart in the face, and the men continued fighting outside. Rhinehart pulled out his knife and swung, nearly striking the customer. At that point, the customer fled and Rhinehart gave chase. The customer eventually returned to the yogurt shop, where the employee locked the doors and called police.

The police detained Rhinehart at gunpoint when he refused to follow the officer's instructions to get down on the ground. Nearby, another officer found Rhinehart's backpack which contained a "rusty saw-like knife."

Rhinehart was charged with two felonies: assault with a deadly weapon (Pen. Code § 245, subd. (a)(1) (count 1)) and carrying a dirk or dagger (Pen. Code, § 21310 (count 2)). He was also charged with three misdemeanors: exhibiting a deadly weapon (Pen. Code § 417, subd. (a)(1) (count 3)); resisting, obstructing, or delaying a peace officer (Pen. Code, § 148, subd. (a)(1) (count 4)); and possession of a controlled substance (Health & Saf. Code, § 11350 (count 5)).

In a negotiated disposition, Rhinehart pled no contest to carrying a dirk or dagger and exhibiting a deadly weapon. The other charges were dismissed. The trial court suspended imposition of sentence and placed Rhinehart on probation for three years. Among his probation conditions, the court ordered Rhinehart to "[s]tay out of places where alcohol is the primary item of sale, such as bars or liquor stores" and to "[b]e of good conduct and obey all laws."[1] The court also ordered gang conditions imposed. One of the gang conditions was that "You shall not be adjacent to any school campus during school hours unless you are enrolled or with prior permission of school Administration or probation." The court noted the gang conditions were imposed "without prejudice to [defense counsel] calendaring this matter for a hearing to determine whether or not those should be modified or whether they're appropriate." There is no record that Rhinehart sought modification of those conditions with the trial court. He now appeals.

**ANALYSIS**

---

[1] The written version of the condition omits the "such as bars or liquor stores" examples.

2

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.)  "A probation condition . . . may be challenged as unconstitutionally vague or overbroad."  (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153 (*E.O.*))  The vagueness doctrine "bars the government from enforcing a provision that 'forbids or requires the doing of an act in terms so vague' that people of 'common intelligence must necessarily guess at its meaning and differ as to its application.' "  (*People v. Hall* (2017) 2 Cal.5th 494, 500.)  "A restriction is unconstitutionally vague if it is not ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." '  [Citation.]  A restriction failing this test does not give adequate notice—'fair warning'—of the conduct proscribed.  [Citations.]  A restriction is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.'  [Citations.]  The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement."  (*E.O.*, *supra*, 188 Cal.App.4th at p. 1153.)

Constitutional challenges to a probation condition are reviewed de novo.  (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)  In an appropriate case, a probation condition that is not sufficiently precise or narrowly drawn may be modified in this court and affirmed as modified.  (See, e.g., *In re Sheena K.* (2007) 40 Cal.4th 875, 892 (*Sheena K.*).)

A.      *Condition Prohibiting Entrance In Stores Where Alcohol Primarily Sold*

Rhinehart contends that the probation condition prohibiting him from entering places where alcohol is the primary item of sale such as bars and liquor stores is vague.  He says "the identity of places . . . where alcohol comprises more than 50 percent of the sales would not be readily apparent to the average probationer."  He argues an express

3

knowledge requirement must be added to this condition. While appellate courts in the past have added scienter requirements to clarify probation conditions (see, e.g., *In re Vincent G.* (2008) 162 Cal.App.4th 238, 242), recent California Supreme Court authority makes clear that such modifications are no longer necessary.

Last year, in *People v. Hall* (2017) 2 Cal.5th 494 (*Hall*), the high court addressed the need for an express knowledge element in two probation conditions that prohibited the defendant from possessing firearms or illegal drugs. (*Id.* at p. 498.) *Hall* rejected the argument that these conditions were unconstitutionally vague because they did not expressly define the mental state necessary to sustain the probation violation. (*Ibid.*) It held that the conditions "include[d] an implicit requirement of knowing possession" and therefore afforded the defendant fair notice of the required conduct. (*Id.* at p. 497) The court stated, "California case law already articulates not only a general presumption that a violation of a probation condition must be willful, but also specifically provides that probation conditions barring possession of contraband should be construed to require knowledge of its presence and its restricted nature." (*Id.* at p. 501.) Because case law requires the conditions to be construed as prohibiting *knowing* possession of contraband, *Hall* concluded the substance of the conditions would not be changed if they were modified to include the word "knowingly." (*Id.* at pp. 503–504.) Accordingly, the Court "decline[d] [the] defendant's invitation to modify those conditions simply to make explicit what the law already makes implicit." (*Id.* at p. 503.) The Court added that while trial courts are free to explicitly "specify the requisite mens rea" when imposing such a probation condition, inclusion of the express knowledge requirement is not constitutionally compelled. (*Id.* at pp. 503–504.)

While *Hall* involved conditions barring a probationer from possessing certain contraband, its reasoning applies with equal force to conditions prohibiting a probationer from entering certain spaces, like the one at issue here. The condition forbidding Rhinehart from entering a business which primarily sells alcohol does not include reference to any mental state, but neither is it unconstitutionally vague. As *Hall* establishes, there is already a general presumption that a probation condition violation

4

must be willful. Thus, a violation of this condition can occur only if Rhinehart enters a business which he knows sells alcohol primarily. He is not in violation if his entrance to such an establishment was unwitting. Because willfulness is presumed and nothing would change if we were to add "knowingly" to the condition, we decline Rhinehart's modification request.

Rhinehart argues *Hall* does not govern here because that case involved conditions prohibiting possession of certain items, whereas his condition prohibits entry into certain types of locations. This is a distinction without a difference. Just as a probation condition can presume a probationer's knowledge that he possesses a restricted object (e.g., a firearm or a drug), it can also presume his knowledge the he entered a restricted space (e.g., a liquor store or bar). No scienter modification is necessary. We need not address the older, pre-*Hall* cases Rhinehart cites.

B.      *Good Behavior Condition*

Rhinehart contends the "good conduct" part of the probation condition ordering him to "be of good conduct and obey all laws" is vague and should be stricken. Again, we disagree.

"When interpreting a probation condition, we rely on 'context and common sense.' " (*In re I.S.* (2016) 6 Cal.App.5th 517, 525.) Probation terms must be "given 'the meaning[s] that would appear to a reasonable, objective reader' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382), and interpreted in context and with the use of common sense. (*In re Ramon M.* (2009) 178 Cal.App.4th 665, 677.) A probation condition "should not be invalidated as unconstitutionally vague ' " 'if any reasonable and practical construction can be given to its language' " ' " or if its terms may be made reasonably certain by reference to " ' "other definable sources." ' " (*Hall*, *supra*, 2 Cal.5th at p. 501.)

In context, the phrase "be of good conduct" must be interpreted with its conjunctive phrase "and obey all laws." Applying context and common sense, the good behavior condition simply requires Rhinehart be a law-abiding citizen. (Cf. *In re D.H.* (2016) 4 Cal.App.5th 722, 730 [probation condition requiring minor "to attend school

5

regularly" not vague when read in conjunction with "obey school rules"]).  No modification is necessary.

Rhinehart relies on *In re P.O.* (2016) 246 Cal.App.4th 288, 299 (*P.O.*), which found the condition " 'be of good citizenship and good conduct' " vague.  (*Id.* at p. 299.)  But in *P.O.*, the Attorney General conceded the "good behavior" condition was vague (*ibid.*), and there is no such concession nor reason for it here.  Though similar sounding, the terms are sufficiently different.  The phrase conjunctive to "good conduct" in *P.O.*— "be of good citizenship"—lacks the reasonable certainty of "obey all laws" and makes *P.O.* distinguishable.  Beyond *P.O.*, Rhinehart identifies no case where this standard prohibition condition has been struck in whole or in part on vagueness grounds, nor have we found any.  We see no reason to do so here.

C.    *Gang Condition Prohibiting Presence Adjacent to School Campus*

Rhinehart also challenges the gang condition that prohibits him from being "adjacent to any school campus during school hours unless [he is] enrolled or with prior permission of school Administration or probation."  In particular, he asserts the terms "adjacent" and "school campus" are vague, and due to this lack of precision, he asserts the condition impermissibly infringes on his right to travel.

As an initial matter, Rhinehart's appeal of the gang condition is not forfeited even though he did not seek a modification in the trial court.  Even absent an objection in the trial court, an appellant may challenge a probation condition asserted to be unconstitutional on its face.  (*Sheena K.*, *supra*, 40 Cal.4th at pp. 888–889.)  Thus, we consider Rhinehart's facial challenge to this condition.

Turning to the substantive grounds of Rhinehart's challenge, only "adjacent to" merits modification.  *People v. Barajas* (2011) 198 Cal.App.4th 748 (*Barajas*), involved a challenge to a similar probation condition which ordered the defendant " 'not to be adjacent to any school campus during school hours.' "  (*Id.* at p. 760.)  Acknowledging the meaning of "adjacent" and "adjacent to" were clear enough as abstract concepts, the *Barajas* court explained, "The difficulty with this phrase in a probation condition is that it is a general concept that is sometimes difficult to apply.  At a sufficient distance, most

6

reasonable people would agree that items are no longer adjacent, but where to draw the line in the continuum from adjacent to distant is subject to the interpretation of every individual probation officer charged with enforcing this condition.  While a person on the sidewalk outside a school is undeniably adjacent to the school, a person on the sidewalk across the street, or a person in a residence across the street, or two blocks away could also be said to be adjacent."  (*Id.* at p. 761.)  Thus, "[t]o avoid inviting arbitrary enforcement and to provide fair warning of what locations should be avoided," Barajas concluded that the probation condition required modification.  (*Ibid.*)  The use of "adjacent to" in the gang condition here raises similar concerns, and modification is appropriate.

Apparently taking a cue from *Barajas*, Rhinehart requests that we address this uncertainty about distance by specifying he keep a 50-foot distance from any restricted school campus.  We agree a modification is proper here.

While "adjacent to" needs modification, we disagree with Rhinehart's argument that "school campus" is also unconstitutionally vague.  Rhinehart contends that reasonable minds may disagree about the type of school covered by the condition (K-12, college, business, technical, professional, etc.), and he notes that some schools occupy commercial buildings.  Due to this vagueness, he again suggests we add an explicit knowledge requirement.  But as discussed above, *Hall*, *supra*, 2 Cal.5th 494, renders the need for a scienter requirement unnecessary with respect to this restricted space as well.

The People respond that no modification whatsoever is necessary for this condition, nor do they offer any view on Rhinehart's proposed 50-foot restriction.  Citing to *Hall*, the People explain that Rhinehart cannot violate this condition unless he knows the structure is a school.  As the paragraph immediately above indicates, we agree with this point only as to the controverted term "school campus."  However, the People's argument does not address "adjacent to" which is an abstract spatial concept substantively different from the possession of restricted contraband, as discussed in *Hall*, or entering into a restrictive space, as discussed above.  The implied knowledge requirement established by *Hall* does not address the concern that the term "adjacent to"

7

is not sufficiently specific to provide effective notice to Rhinehart of what is required of him. Even if Rhinehart knows that a certain structure is a school campus restricted under this condition, such imputed knowledge does nothing to address how near he can be to that campus without violating the condition. Thus, the fair warning and arbitrary enforcement concerns identified in *Barajas*, *supra*, 198 Cal.App.4th at p. 761, remain. A probation condition must be " 'sufficiently precise for the probationer to know what is required of him.' " (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.) Some numerical specification is appropriate here to achieve this objective.

Finally, this probation condition does not infringe on Rhinehart's travel rights. "Although criminal offenders placed on probation retain their constitutional right to travel, reasonable and incidental restrictions on their movement are permissible." (*People v. Moran* (2016) 1 Cal.5th 398, 406.) Even without specifying the numerical distance Rhinehart must maintain from a school campus, this condition amounts to only an incidental restriction on Rhinehart's movement. Plus, if he needs to be near a school, he is able to request permission from the school's administrator or probation officials. This condition does not violate his constitutional travel right.

## DISPOSITION

The gang condition is modified to state: "You shall not be within 50 feet of any school campus during school hours unless you are enrolled or with prior permission of school Administration or probation." As so modified, the judgment is affirmed.

8

_____
Siggins, J.

We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.


*People v. Rhinehart*, A148548

9

Trial Court:                                    Sonoma County Superior Court


Trial Judge:                                    Honorable Patrick M. Broderick

Counsel for Defendant and Appellant:

Jasmine C. Patel, Kathryn Seligman, First District Appellate Project.

Counsel for Plaintiff and Respondent:

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share, Supervising Deputy Attorney General, Joan Killeen, Deputy Attorney General.