Filed 6/9/22  P. v. Vargas CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ALFONSO VARGAS, Defendant and Appellant. | F083072 (Super. Ct. No. DF016126B) OPINION |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Jose R. Benavides, Judge.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Snauffer, J. and DeSantos, J.

In this appeal, defendant Alfonso Vargas challenges the constitutional validity of a condition to his probation. Following a review of the record, including the allegations leading to defendant's plea agreement, we find there was no error in the wording of the probation condition challenged here. We affirm the judgment below.

## PROCEDURAL SUMMARY

This summary will focus on the procedural facts, and those facts defendant admitted when entering a plea of no contest. On May 12, 2021, defendant was charged with one count of being a felon in possession of a firearm (Pen. Code,[1] § 29800, subd. (a)(1)), and one count of providing a firearm to another person (§ 27500, subd. (a)).

On June 17, 2021, the complaint was amended to add a count charging defendant with a violation of section 25850, subdivision (c)(6), carrying a loaded firearm that was not registered to him. Defendant then entered into a plea agreement that would result in his pleading no contest to this new charge designated as count 3. Pursuant to the plea agreement, counts 1 and 2 were dismissed. As part of the plea agreement, defendant pled no contest to possessing a loaded firearm that was not registered to him.

On July 19, 2021, defendant was sentenced under the terms of the plea agreement. Defendant's attorney raised an objection to two conditions of probation. The condition at issue in this appeal stated defendant shall "not have any weapons of any description in his possession during his period of probation." Counsel for defendant asked that the word "illegal" be added into the description of the type of weapons defendant could not possess during his probation. Following some discussion about the meaning of that condition and the potential risks imposed, the court left the wording of the condition intact. Ultimately, counts 1 and 2 were dismissed, and defendant was sentenced to probation for count 3.

---

[1] All future statutory references are to the Penal Code.

2.

## **DISCUSSION**

Again, the only question posed in this appeal is whether the probation condition that defendant not " 'have weapons of any description' " in his possession during his period of probation was too vague to withstand constitutional scrutiny.

Section 1203.1 provides a trial court with broad discretion to determine eligibility for probation, and what conditions of probation will promote rehabilitation and protect public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) A " 'condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality .…" ' " (*People v. Bryant* (2021) 11 Cal.5th 976, 983.) This requires a case-by-case assessment considering the relationship of the condition to the crime, the specific terms provided in the challenged condition, and the connection of that condition to the probationer's future criminality. (*Ibid*.)

Probation conditions may be challenged as unconstitutionally vague or overbroad. (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1126–1127 (*Rhinehart*).) The essential question when considering whether a probation condition is overbroad is the closeness of the fit between the legitimate purpose of the condition and the burden on defendant's constitutional rights, " 'bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' " (*Id*. at p. 1127, citing *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

In this case, defendant pled no contest to the crime of carrying a loaded firearm that was not registered to him in a public place. (§ 25850, subd. (c)(6).) As a result of his plea, two additional charges were dismissed. These charges included being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and providing a firearm to another (§ 27500, subd. (a)). Each of these allegations involved possessing a weapon.

When being sentenced, defendant challenged the condition prohibiting him from possessing weapons of any description. The trial court understood defendant was arguing this description was too vague. A discussion ensued about whether to include the word "illegal" into the language. The prosecutor stated:

> "I would go with the dictionary definition of a weapon, which would be anything designed to be used to hurt or kill somebody or something that is used to hurt or kill somebody. The People are actually okay with that probation term."

The prosecution noted the probation department did not want defendant to have access to any weapon, legal or illegal. Following the discussion, the trial court denied defendant's request to insert the word "illegal" into the weapon condition.

The essential question in a challenge of vagueness is the "closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights." (*Rhinehart*, *supra*, 20 Cal.App.5th at p. 1127.) "A restriction is unconstitutionally vague if it is not ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' " (*In re E.O.*, *supra*, 188 Cal.App.4th 1149, 1153.) Courts acknowledge, however, that perfection is often impossible, and may result in some infringement of the defendant's rights. (*Rhinehart*, *supra*, at p. 1127.)

Again, each of the charges brought against defendant in this matter involved the possession of a weapon. Defendant specifically pled no contest to being in possession of a loaded firearm in public. The two charges dismissed once he pled no contest alleged defendant was a felon unlawfully possessing a firearm, and that he unlawfully provided a firearm to another person. Each of these crimes involves a weapon that any reasonable person would understand would be prohibited by the probation condition at issue here.

We conclude there is no need to modify the weapon condition as there is a specific relationship between the condition imposed here and the goal of preventing future criminality. (See *People v. Cota* (2020) 45 Cal.App.5th 786, 790.) The phrasing of this

probation condition will not require people of common intelligence to necessarily guess about its meaning and argue about its application.  (*People v. Hall* (2017) 2 Cal.5th 494, 500.)  When read in its proper context, it is reasonable to conclude the condition not to possess a weapon of any description means " 'any instrument used as a weapon' " or intended to be used as a weapon, not just *any object* that might conceivably be used as a weapon at some point in the future.  (*People v. Forrest* (2015) 237 Cal.App.4th 1074, 1082.)

## **DISPOSITION**

The judgment is affirmed.