Filed 7/18/24  P. v. Reyes CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083572 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD292030) |
| DANIEL REYES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Rachel Cano, Judge.  Vacated and remanded with directions.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Daniel Reyes appeals from an order revoking his probation and reinstating it on modified terms.  The challenged condition contains the

phrase "pornographic material," which Reyes claims is unconstitutionally vague. The People concede this point. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the People's concession, vacate and remand to the trial court.

Reyes pled guilty to a single count of lewd and lascivious act on a child in violation of Penal Code section 288(a). The court placed Reyes on probation.

Reyes was subsequently arrested for violating the terms of his probation for failing to (1) register as a sex offender and (2) report to probation. The court reinstated probation on modified terms, including condition 10(p), which states in full: "Do not knowingly possess any pornographic material, including computer files and disks, or knowingly be in places where you know, or a P.O. or other law enforcement officer informs you, that pornographic materials are the main item for sale."

Constitutional challenges to probation conditions are reviewed de novo. (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723.) When a probationer challenges a condition as unconstitutionally vague, we consider whether the condition is "'sufficiently precise for the probationer to know what is required of [the probationer], and for the court to determine whether the condition has been violated.'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) Though we can rely on "context and common sense" when interpreting the condition, we must reverse where no "reasonable and practical construction can be given to its language." (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129 [cleaned up].)

We agree with the parties that condition 10(p) is unconstitutionally vague. The condition is not sufficiently precise to notify Reyes of prohibited conduct because the term "pornographic material" is inherently subjective.

2

(*In re D.H.* (2016) 4 Cal.App.5th 722, 728-729 (*D.H.*).) Determining whether material is "pornographic" is a process heavily influenced by the individual, social, and cultural experience of the person making the determination. For instance, "pornographic material" could conceivably encompass works with fleeting sexual imagery regardless of its insignificance to the overall content of an art exhibit, play, or movie. (*People v. Gruis* (2023) 94 Cal.App.5th 19, 25-26 (*Gruis*).) Because condition 10(p) does not provide an objective limiting definition of "pornographic material," it also creates the risk of arbitrary and discriminatory application. (See *Sheena K.*, 40 Cal.4th at p. 890.)

For the same reasons, allowing law enforcement or probation officers to determine whether "pornographic materials" are the main item for sale at a given location does not solve the vagueness issue. (*Gruis*, 94 Cal.App.5th at p. 25.) Nor does the inclusion of a knowledge requirement within the condition address the inherent subjectivity in the term "pornographic." (*D.H.*, 4 Cal.App.5th at p. 727.) We thus conclude condition 10(p) does not pass constitutional muster.

Although we have the power to modify probation conditions to render them constitutional, we decline to do so here. (*Gruis*, 94 Cal.App.5th at p. 26.) Instead, we remand the matter to the trial court to either strike condition 10(p) or define "pornographic material" in a way that "distinguish[es] the prohibited materials from those depicting sexual conduct but having primarily literary, artistic, political, or scientific value." (*Id.* at p. 26 & fn. 4.) If it elects the latter, the trial court may consider, among other things, defining "pornographic material" based on Penal Code section 311.4(d), along with prohibiting materials having "a primary purpose of causing sexual arousal." (See *In re David C.* (2020) 47 Cal.App.5th 657, 667.)

## DISPOSITION

The order is vacated and remanded to the trial court with directions to (1) strike or modify probation condition 10(p) consistent with this opinion, and (2) forward a copy of the modified order to the probation authorities.


CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


BUCHANAN, J.

4