Filed 7/24/24  P. v. Ammar CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SHEHAB AMMAR,<br><br>        Defendant and Appellant. | A168658<br><br>(Lake County<br>Super. Ct. No. CR967082) |

Shehab Ammar pled no contest to stalking his former girlfriend.  He now appeals two conditions of his probation, arguing that they are so open-ended that they constitute an improper delegation of judicial authority.  The first, labeled Condition 6, states that Ammar is to "participate effectively in those programs of counseling in which they are directed to participate by the probation officer," and the second, enumerated as Condition 24, states that he is to participate effectively "in any program addressing employment, education, or other rehabilitative services as directed by the probation officer and/or jail staff."[1]  We agree that some clarification is warranted and therefore remand to the trial court.

---

[1]We use the numbering in the court's sentencing minutes rather than the numbering in the probation report (cited by Ammar).

## BACKGROUND

Over several months, Ammar repeatedly sent his former girlfriend Facebook messages threatening her and her family's safety. Ammar later showed up at her place of work, a hair salon, prompting her to lock the door and shut the blinds while she worked. Ammar pled no contest on count I of felony stalking. (Pen. Code, § 646.9, subd. (a).)[2] The trial court suspended Ammar's sentence and placed him on three years of probation subject to a number of conditions, including the two challenged in this appeal.

## DISCUSSION

As an initial matter, although Ammar concedes that he did not object to either condition in the trial court, the Attorney General acknowledges that the claims are not forfeited because they raise a facial constitutional challenge that does not depend on scrutiny of the facts developed below. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887.) A constitutional challenge to a probation condition presents a question of law that we review de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Under the separation of powers doctrine, executive or administrative officers cannot exercise or interfere with judicial authority. (*In re Danielle W.* (1989) 207 Cal.App.3d 1227, 1235.) "[C]ourts may not delegate the exercise of their discretion to probation officers." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1372.) "[I]t is the court's duty to determine the nature of the requirements imposed on the probationer." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).) "By leaving key determinations to be decided ad hoc, a vague probation condition may . . . result in an impermissible delegation of authority to the probation officer." (*Ibid.*) When

---

[2] All undesignated statutory references are to the Penal Code.

analyzing probation conditions, we consider their context and use common sense. (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129.)

While a court must dictate the basic policy of a probation condition, it is permissible to allow the probation officer to specify the details. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 919.) Where a type of treatment is specified, for example, probation officers may be given flexibility to navigate the ever-changing circumstances of court-ordered programs. (*People v. Penoli* (1996) 46 Cal.App.4th 298, 308.) However, the court's order cannot be entirely open-ended. (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1359.)

### Condition 6

Ammar contends that Condition 6 is impermissibly open-ended because it does not specify whether he is required to participate in a counseling program and, even if it does require counseling, it does not identify the type of program required. The Attorney General argues that the condition is proper because counseling is required for any defendant granted probation on a felony stalking conviction absent a showing of good cause, which here Ammar did not attempt to make. (See § 646.9, subd. (j) ["If probation is granted, . . . for any person convicted under this section, it shall be a condition of probation that the person participate in counseling, as designated by the court. However, the court, upon a showing of good cause, may find that the counseling requirement shall not be imposed"].)

Ammar's first argument is similar to a claim addressed in *Smith*, *supra*, 79 Cal.App.5th 897, in which the trial court had imposed the following condition: " 'Defendant to participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer.' " (*Id.* at p. 902.) There, the court acknowledged that the condition "as worded may be problematic," in part because it could be read to allow the probation officer to

3

decide *whether* the defendant would be required to attend any treatment. (*Ibid.*)  But the court concluded that any such ambiguity dissipated when the condition was considered alongside the court-imposed assessment condition, which required the defendant to " 'complete a drug and alcohol assessment and follow through with treatment as directed by probation.' "  (*Id.* at pp. 902–903.)  Considering this additional context, *Smith* concluded that the trial court permissibly "mandated treatment for substance abuse based on the assessment while leaving the probation officer to oversee the details." (*Id.* at p. 903.)

At least one federal court has also found that a similarly worded probation condition potentially constituted an excessive delegation to the probation office.  In *United States v. Peterson* (2001) 248 F.3d 79, a special condition provided that " 'the defendant is to enroll, attend, and participate in mental health intervention . . . *as directed by the U.S. Probation Office.*"  (*Id.* at pp. 84–85.)  The court noted that the first clause, "the defendant is to enroll, attend, and participate," could imply that the condition is mandatory, but the subsequent clause, "as directed by the U.S. Probation Office," might mean that the probation officer could decide *whether* the defendant participated in mental health intervention, which would constitute an improper delegation of authority.  (*Id.* at p. 85.)  In the absence of the kind of additional context that was present in *Smith*, the court remanded the case to the district court to clarify the nature of the condition imposed.  (*Ibid.*)

We agree with *Smith* and *Peterson* that the language of Condition 6 suffers from the same ambiguity.  It is true, as the Attorney General argues, that a counseling program was required by the statute under which Ammar

4

was convicted.[3]  Given that context, then, one could reasonably presume the court intended to mandate Ammar's participation in counseling while delegating the specifics to his probation officer.  Unlike in *Smith*, however, there is nothing else in the conditions imposed—or in the probation report, or in the court's comments at sentencing—that ties Condition 6 to subdivision (j) of section 646.9.  To ensure that the probation officer makes the same connection the Attorney General did, we conclude that some additional clarification is warranted.

Our conclusion is reinforced by Ammar's second argument; namely, that Condition 6 delegates excessive authority to the probation officer by failing to identify the type of counseling required.  Citing *People v. Penoli, supra*, 46 Cal.App.4th 298, Ammar acknowledges that the trial court could permissibly identify the type of counseling—such as "a stalking counseling program"—while leaving it to the probation officer to identify the specific program in which he must participate.  In *Penoli*, the court held that the trial court reasonably left details to the probation officer after specifying that the defendant must complete a residential drug treatment program.  (*Id.* at p. 310; see *Smith, supra*, 79 Cal.App.5th at p. 903 [where the assessment condition clarified the nature of the treatment, the details could permissibly be left to probation].)  But here, Ammar argues, the trial court failed to give adequate direction, allowing the probation officer to select not only the particular program but also the type or purpose of the counseling itself.

Once again, one might reasonably infer from the fact that counseling is required by the statute under which Ammar was convicted that the

---

[3] There is an additional condition that requires Ammar to receive behavioral health treatment (Condition 16), but Ammar does not contend that this condition satisfies the counseling requirement of the statute.

counseling program should address the stalking behavior that gave rise to the conviction. But we decline to overlook the language of the statute, which expressly provides that "it shall be a condition of probation that the person participate in counseling, *as designated by the court.*" (§ 646.9, subd. (j), emphasis added.) On its face, Condition 6 fails to satisfy this requirement because the court did not designate anything, instead delegating that authority to the probation officer. The fact that the statute requires counseling "as designated by the court" indicates that a condition requiring counseling without further clarification falls short. Accordingly, we agree with Ammar that Condition 6 constitutes an improper delegation of authority to the probation officer.

Nonetheless, we disagree with Ammar's contention that the proper remedy is to strike the condition. As the Attorney General points out, in *Smith*, after the court found that the condition improperly delegated authority to the probation officer to decide whether *residential* treatment was required, it remanded "for the trial court to decide if it wishes to mandate residential treatment." (*Smith, supra*, 79 Cal.App.5th at p. 903; see *Peterson, supra*, 248 F.3d at p. 85 [remanding for clarification].) Neither in his opening brief nor in his reply does Ammar offer any argument or authority in support of his request that we strike the condition altogether. We therefore conclude that the proper remedy is to vacate the condition and remand the case to the trial court to provide the requisite specificity.

### *Condition 24*

Condition 24 directs Ammar to "participate in any program addressing employment, education or other rehabilitative services as directed by the probation officer and/or jail staff." We agree with Ammar that the phrase "other rehabilitative services" is vague, which could result in an overbroad

6

delegation of authority to the probation officer. The Attorney General is unable to provide meaningful clarification, suggesting only that the condition requires Ammar "to participate in 'rehabilitative services' that possibly also address employment or education opportunities." Quoting *Penoli, supra*, 46 Cal.App.4th at page 308, the Attorney General adds that Ammar could seek judicial intervention "if and when the probation officer seeks to exercise the delegated authority," but we see little reason to require Ammar to wait when we are remanding for clarification of Condition 6. Accordingly, we will vacate Condition 24 as well so that the trial court can clarify what is meant by "other rehabilitative services" or simply strike that phrase.

## DISPOSITION

Conditions 6 (counseling) and 24 (rehabilitative services) are vacated and the matter is remanded to the trial court for resentencing in accordance with this opinion.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
DOUGLAS, J. *

---

* Judge of the Superior Court of Contra Costa County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.