Filed 10/14/24  In re L.L. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re L.L., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B330471 (Super. Ct. No. 23JV00009) (San Luis Obispo County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>L.L.,<br><br>    Defendant and Appellant. | |

L.L. admitted to committing the following offenses as alleged in a petition filed pursuant to Welfare and Institutions Code section 602:  second degree robbery (Pen. Code, § 211); possession of ammunition by a minor (*id.*, § 29650); possession of a firearm by a minor (*id.*, § 29610); and grand theft of a person (*id.*, §§ 182, 487, subd. (c)).  The juvenile court placed appellant in a Secure Youth Treatment Facility (SYTF) for a baseline term of confinement of two years and specified a maximum term of five

years.  (Welf. & Inst. Code, §§ 726, subd. (d), 875, subd. (b).)[1]  It calculated appellant was entitled to 206 days of predisposition credit against his maximum term.  (§ 875, subd. (c).)

Appellant contends his precommitment credit should apply to his baseline term of confinement rather than his maximum term.  He also challenges a condition of probation forbidding him from "frequent[ing] places where firearms or weapons are used either illegally or legally" as overly broad.  We will affirm.

## FACTUAL BACKGROUND

Appellant and another minor robbed a man at gunpoint in Santa Maria.  Police officers were already in the neighborhood and responded quickly.  The officers arrested them after a brief foot chase and recovered the victim's backpack, which contained a videogame console and controller.[2]

## DISCUSSION

### Precommitment Credits

Appellant contends his pre-commitment credit should apply to his two-year baseline term in SYTF rather than his five-year maximum term of confinement.  When a contention "hinges on a question of statutory construction—we exercise our independent review."  (*City of Oxnard v. County of Ventura* (2021) 71 Cal.App.5th 1010, 1015.)

The Department of Juvenile Justice (DJJ) stopped accepting wards into its facilities in July of 2021 after California realigned its juvenile justice system.  (§ 736.5, subd. (e).)  Wards who would have been committed to DJJ prior to realignment are

---

[1] Unmarked statutory references are to the Welfare and Institutions Code.

[2] The facts are derived from the probation report because appellant admitted the petition's allegations.

now committed to county-based SYTFs "[t]o ensure that justice-involved youth are closer to their families and communities and receive age-appropriate treatment." (Stats. 2020, ch. 337, § 1, subd. (b).) Sections 875, 875.5, and 876 govern the commitment of section 602 wards to SYTFs under the new dispositional model. Section 875, subdivision (c)(1)(C) states: "Precommitment credits for time served *must be applied against the maximum term of confinement* as set pursuant to this subdivision." (Italics added.)

Appellant attempts to circumvent section 875, subdivision (c)(1)(C) by analogizing the new dispositional model to its predecessor. He describes his baseline term under the SYTF model as the "functional equivalent" of an actual custodial term under the DJJ model. (§ 731, subd. (b).) He then cites pre-SYTF authority holding that an equal protection violation arises if the juvenile court applies precommitment credits to the "theoretical maximum exposure term" rather than the ward's actual custodial term. (*In re Ernesto L.* (2022) 81 Cal.App.5th 31, 41.) Our colleagues in the Fourth District rejected the same argument earlier this year. (See *In re M.B.* (2024) 99 Cal.App.5th 435, 467 ["Section 875, subdivision (c) thus directs that, for SYTF placements, precommitment credits are to be applied in the same way *Ernesto L.* held they should be applied in the DJJ setting. . . . [T]here is no disparate treatment that could give rise to an equal protection problem.].) We reject it as well.

The DJJ model gave the juvenile court considerable discretion when selecting a maximum actual custodial term. (§ 731, subd. (b).) The SYTF model, in contrast, gives little discretion when selecting the baseline term. The court may only modify the ward's commitment term (or even release them) at subsequent review hearings after evaluating the ward's progress in treatment. (§ 875, subd. (b), (e)(1).) Transposing *In re*

*Ernesto's* equal protection reasoning onto the new model may result in precommitment credits consuming all or much of the baseline term before the ward can engage meaningfully in their initial stage of treatment. "'We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." [Citations.] We must also avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend. [Citations.]'" (*In re Greg F.* (2012) 55 Cal.4th 393, 406, quoting *People v. Mendoza* (2000) 23 Cal.4th 896, 907-908.)

*Conditions of Probation*

As a condition of probation, the juvenile court ordered appellant to "[n]ot involve yourself in activities or frequent places where firearms or weapons are used either illegally or legally." Appellant contends this is unconstitutionally vague and overly broad because it could be interpreted to include places where adults may legally carry firearms. He asserts that reporting to probation, for example, could violate this condition because officers carry their department-issued handguns to work. "[W]e review constitutional challenges to a probation condition de novo." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

We are not persuaded. "Probation terms must be 'given "the meaning[s] that would appear to a reasonable, objective reader"' [citation], and interpreted in context and with the use of common sense [citation]." (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129.) We will not invalidate a term as unconstitutionally vague "'if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.'" (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117,

4

quoting *In re Marriage of Walton* (1972) 28 Cal.App.3d 108, 116.)
The "use" of a firearm or weapon is not reasonably interpreted to
mean merely carrying or arming oneself. The condition is,
therefore, not vague.

Nor is the condition overly broad. The juvenile court's
order directs appellant to "obey the instructions of the Probation
Officer" and "report to the probation officer as directed." We
decline to read the subsequent firearms provisions as overriding
these conditions or, more broadly, as frustrating the department's
oversight of the court's wards. Doing so would elevate form over
function and defeat the goals of juvenile probation. (See § 730,
subd. (b) ["The court may impose and require any and all
reasonable conditions that it may determine fitting and proper to
the end that justice may be done and the reformation and
rehabilitation of the ward enhanced"].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CODY, J.


We concur:



GILBERT, P.J.              BALTODANO, J.


5

Gayle L. Peron, Judge
Superior Court County of San Luis Obispo

_____

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael C. Keller and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.