Filed 9/2/25  P. v. Mistler CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>BREANNA RAE MISTLER,<br><br>      Defendant and Appellant. | A171075<br><br><br>(Solano County<br>Super. Ct. No. F2302032) |

Breanna Rae Mistler challenges the trial court's imposition of a probation condition requiring that she participate in counseling and therapy as directed by her probation officer.  She argues the condition improperly delegates judicial authority to the probation officer and is unconstitutionally overbroad and vague.  We disagree and affirm.

## I.  BACKGROUND

In October 2023, Mistler used some tissues to set a small fire at a commercial property owned by her grandfather.  The incident appeared to arise out of a family dispute.  Mistler's brother was killed in an automobile accident shortly before the incident and his dog was being kept at Mistler's grandfather's office during the day.  Mistler's sister wanted the dog so Mistler set the fire at her grandfather's property to create a diversion to enable her sister to retrieve the dog.  Mistler later spoke with and apologized to her grandfather.

Mistler was charged with one count of arson (Pen. Code, § 451, subd. (d)).[1]  Following a jury trial, Mistler was found guilty as charged.

The trial court sentenced Mistler to 120 days in county jail and two years of probation.  At sentencing, the court imposed a probation condition that required Mistler to "attend and successfully complete counseling and therapy as may be directed by probation" which "may include mental health counseling . . . and cognitive behavioral intervention" with probation to screen for mental health services.  The court's minute order similarly stated that Mistler was to "[a]ttend and successfully complete counseling and therapy as directed by the probation officer" and "specifically: [¶] . . . [¶] cognitive behavioral intervention."  Additional terms of probation imposed by the court included the condition that Mistler seek and maintain full-time employment, vocational or educational training, or a combination of both.

Neither Mistler nor her counsel objected to the counseling and therapy condition.  In fact, Mistler's counsel acknowledged how "difficult" this moment in Mistler's life was, "agree[d] with all the terms that the prosecution ha[d] said as far as counseling," and indicated that Mistler was "open to mental health treatment."  In this regard, Mistler's counsel noted that she "d[id]n't think that there was genuine counseling or therapy sought for the loss of [Mistler's] brother."

Mistler now challenges the counseling and therapy condition on appeal.

## II.    DISCUSSION

Mistler asserts that the counseling and therapy condition impermissibly delegates judicial authority to the probation officer and is unconstitutionally overbroad and vague.

---

[1] All undesignated statutory references are to the Penal Code.

Preliminarily, the People argue that Mistler is barred from challenging the probation condition because she failed to object to it at the time of sentencing and does not demonstrate on appeal that an objection would have been futile. The forfeiture argument is not well taken. A facial constitutional challenge to a probation condition may be considered for the first time on appeal if it presents a pure question of law that does not depend on the underlying factual record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888–889 (*Sheena K.*).) Here, that standard has been met. The People do not argue otherwise, nor do they even acknowledge this exception to the forfeiture rule. As such, we will reach the merits of Mistler's contentions.

## A. Delegation of Judicial Authority

Mistler argues the counseling and therapy condition is an unconstitutional delegation of judicial authority to the probation officer because it leaves open the possibility that she could be ordered to attend a restrictive residential treatment program. She also asserts the condition fails to establish the duration or frequency of treatment and permits "too broad a spectrum of counseling and therapy to choose from." We are not persuaded.

A constitutional challenge to a probation condition presents a question of law that we review de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) It is the court's duty to determine the nature of the requirements imposed upon a probationer (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1359 (*O'Neil*)) and this judicial power cannot be delegated to nonjudicial officers under the separation of powers doctrine (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*)). With that said, a trial court is permitted to delegate to the probation officer the "specification of the many details that invariably are necessary to implement the terms of probation," so long as the

3

order is not "entirely open-ended." (*In re Victor L.* (2010) 182 Cal.App.4th 902, 919 (*Victor L.*).)

*People v. Penoli* (1996) 46 Cal.App.4th 298 (*Penoli*) is instructive. In that case, the trial court imposed a probation condition that allowed the probation officer to unilaterally select a residential drug rehabilitation program and determine if the defendant successfully completed that program. (*Id.* at p. 307.) The defendant challenged the condition as an unlawful delegation of judicial authority. (*Ibid.*) Our Court of Appeal disagreed on the basis that "any attempt to specify a particular program at or prior to sentencing would pose serious practical difficulties." (*Id.* at p. 308.) In this regard, we noted that "[t]he trial court is poorly equipped to micromanage selection of a program, both because it lacks the ability to remain apprised of currently available programs and, more fundamentally, because entry into a particular program may depend on mercurial questions of timing and availability." (*Ibid.*)

The same reasoning applies to the case at bar. Here, the trial court ordered Mistler to attend and complete counseling and therapy as directed by the probation department, that specifically may include mental health counseling and cognitive behavioral intervention after it had screened her for mental health services. This condition sufficiently defined the nature of the probation condition (i.e. mental health counseling and therapy which could include cognitive behavioral intervention) while leaving the specific details of that condition to the probation department. (See *Victor L.*, *supra*, 182 Cal.App.4th at p. 919.) Such a delegation is permissible because the probation officer is in a much better position to be aware of what types of therapy were available and what would best meet the specific needs of Mistler after the probation officer assessed her mental health. (See *Penoli*,

4

*supra*, 46 Cal.App.4th at p. 308.)  Any attempt by the trial court to identify the type of therapy or counseling with any more specificity prior to the mental health assessment would have been difficult, if not impossible.

Mistler relies on *United States v. Esparza* (9th Cir. 2009) 552 F.3d 1088 (*Esparza*) and *Smith*, *supra*, 79 Cal.App.5th 897 for the proposition that the trial court impermissibly delegated to the probation officer the authority to mandate her participation in a residential treatment program.  *Esparza* and *Smith*, however, are clearly distinguishable.

In *Esparza*, the federal district court required the defendant to participate in counseling or a sex offender treatment program " '*which may include inpatient treatment*, as approved and directed by the Probation Officer.' "  (*Esparza*, *supra*, 552 F.3d at p. 1091, some italics added.)  The Ninth Circuit held this condition impermissibly allowed the probation officer to decide the nature or extent of the punishment to be imposed because "[i]n terms of the liberty interest at stake, confinement to a mental health facility [in an inpatient treatment program] is far more restrictive than having to attend therapy sessions, even daily."  (*Ibid.*)

Similarly, in *Smith*, the trial court imposed a probation condition requiring the defendant to " 'participate in any treatment/therapy/counseling program, *including residential*, as directed by the probation officer.' "  (*Smith*, *supra*, 79 Cal.App.5th at p. 901, italics added.)  Our colleagues in Division 5 held this condition violated the separation of powers doctrine, "agree[ing] with the federal courts of appeal . . . that entrusting the decision whether to mandate residential treatment to the probation officer is an improper delegation of judicial authority" because "[a] residential program can impose far greater burdens on a person's liberty interests than an outpatient program."  (*Id.* at p. 903.)

5

Thus, in both *Esparza* and *Smith*, the probation conditions at issue included language that *explicitly* authorized the probation officers to determine if the defendants would have to participate in an inpatient or residential treatment program, which would clearly place far greater burdens on their liberty interests. (*Esparza, supra,* 552 F.3d at p. 1091; *Smith, supra,* 79 Cal.App.5th at p. 903.) Here, in contrast, the probation condition included no such language.

Further, when read in context with the other probation conditions and in employing common sense, we disagree that the counseling and therapy condition leaves open the possibility that the probation officer can mandate indefinite participation in a residential therapy program. (See *People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129 [when interpreting probation conditions, we consider their context and use common sense].) In this regard, we observe that Mistler was sentenced to a set and not indefinite period of two years of probation. Additionally, Mistler was required to maintain full-time employment as a condition of her probation, which would be inconsistent with the probation officer ordering her to attend a residential therapy program.[2]

_____

[2] Mistler argues in reply that "[a]n order to seek and maintain full-time employment is a standard boilerplate probation condition given in nearly (if not every) grant of probation," even when the grant of probation includes a custodial component. Thus, she asserts this condition does not actually limit the probation officer's ability to restrain her liberty interests by ordering her to residential treatment. However, Mistler cites no authority in support of the proposition this employment probation condition is nearly always imposed. Nor does she refer us to any examples of instances in which residential therapy was imposed notwithstanding the existence of a full-time employment probation condition. As such, we pass Mistler's point without further consideration. (See *Los Angeles Unified School Dist. v. Casasola* (2010) 187 Cal.App.4th 189, 212 [treating an argument as forfeited when a party fails to provide any legal authority in support of its assertion].)

We therefore conclude the counseling and therapy condition did not impermissibly delegate judicial authority to the probation officer because it does not authorize the officer to order Mistler's attendance at a residential therapy program.

## B.    Overbreadth

Mistler argues the counseling and therapy condition is unconstitutionally overbroad and insufficiently tailored because it "left open *which program or programs* were required, the permissible *parameters* of any such program, and even *which type of program* that [sic] was necessary for [her] rehabilitation."

To survive an overbreadth challenge, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

Here, at the outset, we observe that it is unclear what constitutional rights Mistler argues are being threatened by the counseling and therapy condition. To the extent she is repeating her assertions that her liberty interests are threatened because her probation officer could order her to attend a residential counseling or therapy program, we find this contention unpersuasive for the reasons previously stated.

In any event, the counseling and therapy condition is not overbroad. Mistler compares her probation condition to the one struck down in *O'Neil*, *supra,* 165 Cal.App.4th 1351. This comparison, however, is inapt. In *O'Neil*, the trial court imposed a probation condition that prohibited the defendant from associating with "any person" designated by his probation officer. (*O'Neil*, at p. 1354.) Our Court of Appeal held this wording was overbroad because it did not identify the class of people defendant was prohibited from

associating with and placed "*no limits* on those persons whom the probation officer may prohibit defendant from associating with." (*Id.* at p. 1357, italics added.) As such, the condition could forbid the defendant from contacting his family and friends even if this prohibition bore no relationship to the state's interest in reforming and rehabilitating the defendant. (*Id.* at p. 1358.)

Here, in contrast, the counseling and therapy condition is neither open-ended nor unlimited. Instead, it clearly orders Mistler to successfully complete counseling and therapy and specifies that this therapy may include mental health counseling and cognitive behavioral intervention. This condition appears narrowly tailored and reasonably related to the court's goal of preventing future criminality by directing that Mistler engage services that would presumably help address the underlying issues that led to her commission of the crime, including the struggles she was having after her brother's death.

## C. Vagueness

Mistler asserts the counseling and therapy condition is unconstitutionally vague because it does not provide her with fair notice as to what type of program may be ordered by the probation department but, instead, allows the department to require her to engage in "unspecified and unlimited treatment." We disagree.

It is true that a probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " (*Sheena K.*, *supra,* 40 Cal.4th at p. 890.) In determining whether a condition is unconstitutionally vague, any oral or written comments clarifying the probation condition made by the trial court may be considered. (*Smith, supra,* 79 Cal.App.5th at p. 902.)

8

In *Smith*, our Court of Appeal held that a probation condition which ordered the defendant to participate in any treatment, therapy, or counseling program, including a residential program, as directed by the probation officer, was not unconstitutionally vague when considered in light of other conditions along with oral comments made by the court at the time of sentencing. (*Smith*, *supra*, 79 Cal.App.5th at p. 903.) At sentencing, the trial court commented on the defendant's need for a substance abuse treatment program and ordered that the defendant undergo a drug and alcohol assessment. (*Id.* at p. 901.) Our Court of Appeal concluded that, "[w]hen considered in light of the assessment condition and the [trial] court's comments, the condition [to participate in a treatment/therapy/counseling program] passes muster. The [trial] court mandated treatment for substance abuse based on the assessment while leaving the probation officer to oversee the details." (*Id.* at p. 903.)

Similar to *Smith*, the trial court in this case mandated counseling and therapy to address the mental health challenges Mistler seemed to be dealing with. Mistler's own attorney advised the court of her client's openness and need for mental health treatment, and the court ordered Mistler to be screened for mental health services. The court also clarified that the counseling and therapy Mistler was ordered to complete may specifically include mental health counseling and cognitive behavioral intervention. When taking the entire record into account, it is clear that the type of counseling and therapy the court ordered related to mental health treatment while leaving the probation officer to oversee the details after Mistler's mental health assessment.

Further, the period of treatment is not unlimited because Mistler was only sentenced to two years of probation. Though there are certain details

9

regarding the counseling and therapy which the probation officer will need to specify, the condition provides sufficient information for Mistler to understand what is required of her.  (See *Smith*, *supra*, 79 Cal.App.5th at p. 902–903.)  It is not practical to require the trial court to micromanage the selection of the particular type of therapy Mistler is required to undergo, particularly when it is less equipped than the probation officer to do so.  (See *Penoli*, *supra*, 46 Cal.App.4th at p. 308.)

## DISPOSITION

The judgment is affirmed.

                              _____

                              Clay, J.*

WE CONCUR:


_____

Brown, P. J.


_____

Goldman, J.


A171075/*People v. Mistler*

---

\* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11