Filed 12/15/25  In re N.A. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re N.A., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B340222 (Super. Ct. Nos. EL1091A, FJ57986) (Los Angeles County) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> N.A., <br><br> Defendant and Appellant. | |

N.A. appeals a juvenile court probation condition prohibiting contact with active gang members.  He contends the condition is unconstitutionally vague because it did not contain a knowledge requirement.  We affirm.

FACTS AND PROCEDURAL HISTORY

On June 2, 2024, N.A. was declared a ward of the court after admitting to a felony violation of Penal Code section 245,

subdivision (a)(4), assault with force likely to produce great bodily injury.[1] N.A. was placed on home probation.

One month later, on July 12, 2024, police officers saw N.A. and another man running through a park that was a known "hang out" for gang members. They saw N.A. run into a nearby driveway and hide between two vehicles. The officers told N.A. to come out and N.A. was detained. A search of the area where N.A. was hiding revealed a semi-automatic firearm hidden in the front grill of a nearby vehicle.

Following this incident, a Welfare and Institutions Code section 602 petition was filed alleging N.A. carried a loaded firearm in violation of section 25850, subdivision (a), a felony. The People also filed a probation violation pursuant to Welfare and Institutions Code section 777. N.A. admitted the new offense and that he violated the conditions of his probation by failing to obey all laws. The juvenile court placed N.A. in the Camp Community Placement Program with probation conditions.

## DISCUSSION

As relevant here, the juvenile court ordered the following conditions as part of N.A.'s probation:

"13 - You must not associate or communicate with *anyone you know* your parent, caregiver or probation officer does not approve. You must not have someone else contact them for you." (Italics added.)

"13A - Specifically no contact with (any active gang member)."

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

N.A. argues that subpart 13A is unconstitutionally vague because it does not contain an explicit knowledge requirement. We disagree.

A juvenile court has wide discretion to select appropriate probation conditions and the " 'court may impose any reasonable condition that is "fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." ' " (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1015; *In re Sheena K.* (2007) 40 Cal.4th 875, 889.)  Probation conditions must not be unconstitutionally vague and must be consistent with "the due process concept of 'fair warning.' " (*Sheena K.*, at p. 890.)  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*)

Our Supreme Court provided further guidance in *People v. Hall* (2017) 2 Cal.5th 494.  In *Hall*, the defendant challenged a probation condition that barred him from possessing firearms or illegal drugs because it did not explicitly define the state of mind required to sustain a violation. (*Id.* at p. 497.)  The *Hall* court noted that a court is not limited to the probation condition's text to determine whether it is sufficiently defined. (*Id.* at p. 500.)  Rather, courts can infer the requisite mental state if it is reasonably discernible, which is routinely done with criminal statutes where the requisite scienter is not expressly stated. (*Id.* at p. 501.)  "A probation condition should not be invalidated as unconstitutionally vague ' " 'if any reasonable and practical construction can be given to its language.' " ' [Citation.]  [¶] . . . [¶] . . . So long as the requisite scienter is readily discernible, its omission from the text of the statute or probation condition poses

3

little risk of 'trap[ping] the innocent.' " (*Id*. at pp. 501-502; see also *People v. Kelley* (2022) 76 Cal.App.5th 993, 1001-1002 [finding that a stay-away order which did not contain the word "knowingly" was not "unconstitutionally vague because the scienter requirement is implicit"]; *People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1128 [holding that a probation condition prohibiting entry into certain types of businesses was not unconstitutionally vague even though it included no explicit mental state].)

The same reasoning applies here. Condition 13A is a subpart of condition 13. Condition 13 provides that N.A. not associate with anyone he *knows* his parent, caregiver or probation officer would not approve of including active gang members (subpart 13A). The knowledge requirement in condition 13 includes all subparts under it. Taken together, these provisions give N.A. notice that he must not knowingly associate with gang members and may not contact anyone whom he knows his parent, caregiver or probation officer does not approve. No modification is necessary.

DISPOSITION

The probation order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

HIPPACH, J.*

We concur:

  YEGAN, Acting P. J.          CODY, J.

---

* Judge of the Santa Barbara Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.

4

Miguel T. Espinoza, Judge

Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of
Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief
Assistant Attorney General, Susan Sullivan Pithey, Assistant
Attorney General, Stephanie C. Brenan and Stefanie Yee, Deputy
Attorneys General, for Plaintiff and Respondent.